**SEABOLD, Plaintiff-Appellant, v. DAYTON (City) et,
Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2079.   Decided November 30, 1949.

Jacobson & Durst, Dayton, for plaintiff-appellant.
Herbert S. Beane, City Atty., M. J. Gilbert, Asst. City Atty.,
Dayton, for defendants-appellees.

## OPINION

By HORNBECK, J:

The plaintiff in its petition joins the City of Dayton and the City Railway Company as defendants. It recites that the plaintiff was a passenger on a bus of the City Railway Company and while standing in the vestibule of the bus, a tree, located between the curbstone and the sidewalk of Richard Street in the City of Dayton, fell on the bus, causing plaintiff's injuries. The charge against the City of Dayton was that with knowledge it permitted a tree which was in a rottened condition to remain at the place where it was struck by the bus of the City Railway Company which had gone beyond the curbstone and struck the tree. The City of Dayton demurred to the petition on the ground of misjoinder of parties-defendants, which demurrer was sustained. Plaintiff electing to plead no further, judgment was entered in behalf of defendant, the City of Dayton.

Upon the case law as it stands in Ohio we are of opinion that the demurrer was properly sustained. **Bello v. City of Cleveland, 106 Oh St 94; Village v. Gilbow, et al., 81 Oh St 272, 273; Agricultural Society v. Brenner, 122 Oh St 560, 3d syl. and**

page 574; **Dash v. Fairbanks, Morse & Co., 49 Oh Ap** bottom page 62 and top page 63.

Appellant cites and relies upon two cases, **Garbe v. Halloran, 150 Oh St 476,** and **Cleveland Railway Company, et al. v. Heller, ·15 Oh Ap 346.** In the former case, although there was a dissent by three members of the court, all were agreed that the defendant, who was sued, and the other automobilist, whose negligence it was claimed jointly caused the plaintiff's injury, could properly have been joined as parties-defendant. But in this case the want of care of each of the parties responsible for plaintiff's injuries was of the same character. This was also true in Cleveland Railway Company, et al. v. Heller, supra, because by the terms of a contract between the Railway Company and the City, the Company assumed responsibility in damages for any defect arising by want of repair of the tracks at the place where the accident occurred. This obligation was identical with that of the City which could not by contract avoid its liability to the plaintiff. The contract between the City and the Railway Company was held to be for the benefit of third persons, among whom was the plaintiff, and thus both parties sustained the same character of liability toward the plaintiff.

The first and second propositions of the syllabus in Garbe v. Halloran, supra, lend considerable support to the claim of the appellant here. But, inasmuch as the court did not mention the case of **Agricultural Society v. Brenner, 122 Oh St 561,** and particularly the third syllabus, and Village v. Gilbow, supra, or Bello v. City of Cleveland, supra, we must assume that there was no purpose to change the law as therein announced.

The claim of appellant to the right to join the defendants here would likewise be supported by Restatement of the Law of Torts, Par. 875.

In 39 Am. Jur. 912, after stating the proposition that in the absence of statutory authority, damages may not be recovered in a joint action against several wrong-doers acting separately, it is stated:

"However, because the only way of satisfactorily settling the question as to who should be held liable has been held to be to permit the persons implicated to be sued as joint tort-feasors, decisions may be found holding persons to be joint tort-feasors who are really not joint tort-feasors, but whose liability might more properly have been held to be alternative or concurrent."

Citing 41 A. L. R. 1223.

Notwithstanding the strength of appellant's position, as we have said before we do not feel justified in holding counter to the Ohio cases heretofore cited wherein the question seems to have been resolved against the appellant's claim.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, J, concur.