MEYER, Plaintiff-Appellant, v. CINCINNATI STREET RAILWAY CO., Defendant-Appellee.
MEYER, Plaintiff-Appellant, v. CINCINNATI STREET RAILWAY CO., Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

Nos. 7405-7406. Decided May 28, 1951.

William A. Geoghegan and Geoghegan, Levy & Davy, Cincinnati, for plaintiffs-appellants.

C. R. Beirne, Cincinnati, for defendant-appellee.

## OPINION

By ROSS, J.:

Appeals upon questions of law, from final judgments in two cases, are presented to this Court. The first appeal, No. 7405, involves an action by a husband for expenses, loss of consortium and other damages due to injuries suffered by his wife, alleged to be the proximate result of the concurrent negligence of two defendants.

The second case, No. 7406, is an appeal in an action by the wife of the plaintiff in Appeal No. 7405, for damages for injuries so incurred by her.

These appeals are here considered together, and as disposition of the issues presented in No. 7406, involving the action by the wife, will also control the action of this court in No. 7405, involving the action by the husband, the second appeal, No. 7406 will be herein considered as to facts and law.

In each action, the Court sustained a demurrer to the petition for misjoinder of parties defendant, and the plaintiffs not desiring to plead further, final judgment dismissing the defendant, the Cincinnati Street Railway Company, from each action was entered.

Referring then to the petition in the action in which the appeal No. 7406 was taken, being the action of the wife for damages for her own personal injuries, it appears according to the allegations of the petition that the plaintiff was injured as the proximate result of the "joint and concurring

acts of negligence" of the defendant Street Railway Company, in whose street car plaintiff was a passenger and of the defendant Walker, the operator of a truck, which he negligently permitted to collide with such street car.

The trial court sustained a demurrer to the petition on the ground that there was a misjoinder of parties defendant, basing its conclusion upon the premises that the degree of care appropriate to one defendant, the operator of the truck, was not appropriate to the Street Railway Company, which the trial court held was obliged to extend the highest degree of care to the passenger. The trial court relied upon the case of Seabold v. Dayton, 56 Abs, 417, as authority for its conclusion.

It appears from an examination of the Seabold case that plaintiff was injured while a passenger in a bus of a Street Railway Company, that plaintiff's injuries were alleged to be the proximate result of the concurrent negligence of the Street Railway Company and the City of Dayton, in that the latter permitted a rotten tree to exist on a public street in such City, which fell upon the bus while plaintiff was a passenger therein. The Court of Appeals of the Second District relied upon Bello v. City of Cleveland, 106 Oh St, 94; Village v. Gilbow, et al., 81 Oh St, 272, 273; Agricultural Society v. Brenner, 122 Oh St, 560, 3d Syl. and page 574; Dash v. Fairbanks, Morse Co., 49 Oh Ap, page 62 and 63, and noted that the plaintiff relied upon two cases—Garbe v. Halloran, 150 Oh St, 476, and Cleveland Railway Company, et al., v. Heller, 15 Oh Ap 346.

In the instant proceeding on appeal before this Court the plaintiff-appellant contends that the authorities upon which the Court of Appeals of the Second District relied as well as Seabold v. City of Dayton are in direct conflict with the case of Wery v. Neff, et al., 136 Oh St, 307, the second, third, fourth and fifth paragraphs of the syllabus in this case are:

"2. The violation of an ordinance making it unlawful for the owner of a motor vehicle to permit a person under the age of sixteen years to operate such vehicle upon any thoroughfare of the municipality constitutes negligence as a matter of law.

"3. A parent violating such ordinance by placing his automobile in sole charge of his child, becomes answerable in damages on the basis of his culpability in affording the child the opportunity of inflicting harm, where injury to a third person on a street of the municipality follows as a direct result of the careless operation thereof.

"4. In the event of injury to a third person under such

circumstances, liability of the parent and child is not only primary but joint and several, and ·both may be joined as parties defendant in an action for damages on account of the injury.

"5. When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action."

The appellee, on the other hand, contends that the case of Agricultural Society v. Brenner, 122 Oh St, 560, still states the law, where defendants joined in an action owe different "degrees of care" to the plaintiff and that although Wery v. Neff, supra, may be considered as an authority for the rule that it is not necessary now to show joint or concerted action in order to permit joinder if the negligence of defendants joined in an action is concurrent, still the requirement that the degrees of care must also be identical is the law under Agricultural Society v. Brenner.. In other words, the contention of the appellee Street Railway Company is that the third paragraph of the syllabus in Agricultural Society case has not been completely overruled by the fifth paragraph of Wery v. Neff, supra, and that that paragraph may be still considered as law to the extent that in order to permit joinder of defendants, it still must appear that "the want of care of each is of the same character as the want of care of the other," although the appellee still clings to the terminology ·'degrees of care." Appellee seeks to reinforce this position by pointing out that the degrees of care of the defendants involved in Wery v. Neff were identical, and that the Supreme Court in the fifth paragraph of the syllabus did not specifically refer to the third paragraph of Agricultural Society v. Brenner, or state that the requirement of like character was no longer necessary for joinder.

The first contention of appellee, that Wery v. Neff involved defendants obligated by identical "degrees of care," will be passed for the moment.

As to the second contention that Agricultural Society v. Brenner is not specifically overruled in the syllabus in Wery v. Neff (which of course is a fact), it appears from an examination of the Agricultural Society case that the third paragraph of the syllabus as well as that portion of the opinion on page 574 of the report consisted of obiter dicta, and, therefore, required scant attention by a Court later considering such case as an authority. 11 O. Jur., 772, "Courts," Section 123.

On page 574 of the opinion in the Agricultural Society case, Judge Marshall states:

"Even if there were negligence on the part of the agricultural society, its want of care must be of a different character from that charged against DeMichele. DeMichele is liable, if at all, for his negligence in leaving the explosive upon the fair grounds. The agricultural society is liable only if, knowing the existence of the explosive on the grounds, it failed to remove it."

It would appear also from this quotation that even in such obiter and hence in the portion of the syllabus predicated thereon that the court did not consider "degrees of care" but rather merely the character of care of joined defendants. In any event, in view of the attitude of the Court toward the merits of the case and the absence of negligence by the Agricultural Society, it was entirely unnecessary to pass upon the subject-matter of the third paragraph of the syllabus.

At this point it seems appropriate, however, to consider what has been said concerning "degrees of care."

In **29 O. Jur., p. 408, section 26, "Negligence"** it is stated:

"A classification of care into degrees is subject to the same criticism as a classification of negligence into degrees. In general, although exceptions apparently exist, the courts of Ohio have not differentiated as to the degree of care in an action for damages for a tort, the rule being that an individual is obligated to exercise ordinary care. What constitutes ordinary care necessarily varies with the facts and circumstances of each particular case. However, while the amount of care required may be different under various conditions, the degree required is the same, namely, that of ordinary care under all the circumstances. In other words, the amount of care exacted in specific cases may increase or diminish according to the circumstances, but the standard does not change. While the language of the Ohio cases occasionally appears to be inconsistent with this outlook, the underlying philosophy of Ohio negligence law is in accord with it. For example, it is asserted that the duty of a common carrier of passengers, under most circumstances, is to exercise the highest degree of care for their safety. This 'highest degree' of care, however, may well be regarded as but 'ordinary' care under the circumstances, the carrier-passenger relationship constituting one of the most significant circumstances."

See, also: **29 O. Jur., p. 400, Section 20, "Negligence."**

Now, if the same character of care is required, then it may be safely concluded that few, if any, cases would arise where such character of care would be identical. Certainly, the several characters of care involved in Wery v. Neff were no more similar than those involved in Agricultural Society v.

Brenner. The former case involved the violation of wholly dissimilar city ordinances by the defendants; the second case involved an obligation on the part of DeMichele not to leave an explosive on the fair grounds and an obligation on the part of the Agricultural Society not to leave it on the fair grounds after notice of its existence thereon.

The appellee cannot sustain its position by the assertion that in Wery v. Neff both defendants were charged with negligence per se. Even if such were the case, the description of negligence as per se does not refer to a differentiation of character or degree of care, but to the method of proof. In **Swoboda v. Brown, 129 Oh St, 512,** the 4th paragraph of the syllabus is:

"The distinction between negligence and 'negligence per se' is the means and method of ascertainment. The former must be found by the jury from the facts, the conditions and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance, the only fact for determination by the jury being the commission or omission of the specific act inhibited or required."

Appellee refers to a statement of Judge Zimmerman in **Wery v. Neff,** at page 312 of the report, **Vol. 136 Oh St,** that: (Referring to Agricultural Society v. Brenner.)

"Concerning this case it is submitted that the judgment of reversal was quite proper, but that the general proposition of law contained in the third paragraph of the syllabus, to the effect that tort-feasors may be joined **only** when they have acted in concert in the execution of a common purpose and when their negligence is of the same character, is too narrowly stated. 'Joint Torts and Several Liability' (Prosser), 25 California Law Review, 413, 432; **Boyd v. Watts, 27 Oh St, 259, 269; Covington Transfer Co. v. Kelly, 36 Oh St, 86, 90,** 38 Am. Rep., 558."

This last case cited by Judge Zimmerman is of peculiar interest. The case involved an action by a passenger on a street railway car, who was injured when such car of a defendant collided with a wagon of a co-defendant in Cincinnati, Ohio. At page 90 of the opinion in **Transfer Co. v. Kelly, 36 Oh St, 86,** supra, it is stated in the opinion:

"The exact question presented by this record, as we understand the bill of exceptions, arises upon the fact assumed in the request to charge and in the charge as given to the jury, that the wrongful acts of the defendants below, the railroad company and the transfer company, were not only concurrent in point of time and place, but in such manner that the wrongful act of each was a direct and proximate course of the

injury complained of by the plaintiff; and this being so, it matters not whether the act of each, without the concurrence of the other, would have produced the injury, or, that the negligence of neither would have caused it without such concurrence; so that upon general principles and reason both or either ought to make compensation therefor. The general rule undoubtedly is, that where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally."

And, again, on page 93 of the opinion, it is stated:

"But, however, this may be, we are unanimous in the opinion that for a personal injury to a passenger, who is himself without fault, occasioned by the joint and concurring negligence of the carrier and another person, there is no sound principle of law which precludes the injured party from seeking redress from both or either of the wrong-doers."

The rule in Wery v. Neff is reaffirmed in Garbe v. Halloran, 150 Oh St, 476.

Considerations of reason and justice do not tend to support the position of the appellee Street Railway Company. If Walker, the operator of the truck which collided with the street car in the instant case were complaining about being associated with a co-defendant, who, by reason of the circumstances in this case, was required to use more care toward its passenger than he, Walker, was required to use in the operation of his truck, a Court, if the law were not fixed as it is, might be inclined to consider some possible prejudice as to him in being so associated with such co-defendant. But how the Street Railway Company in the present action can so claim any possible prejudice is entirely beyond conception.

It is the conclusion of this Court that the judgment of the trial court in each of the cases must be reversed and the cases remanded to such court, with instructions to overrule the demurrers in each case.

Judgment may be so entered.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur in syllabus, opinion & judgment.