Zimmerman, J.
 

 The initial complaint of the defendants, appellants herein, is that the Court of Appeals committed prejudicial error in overruling their motion to dismiss the appeal. .When the trial court sustained the demurrers to the petition, thus depriving plaintiff of the advantages of pursuing the alleged tort-feasOrs jointly, and then dismissed the petition, a final order affecting substantial rights resulted, and was reviewable within the principles announced by this court in
 
 Grimm
 
 v.
 
 Modest,
 
 135 Ohio St., 275, 20 N. E. (2d), 527.
 

 Next, it is contended that the Court of Appeals erred in holding the two defendants properly joinable in the same action.
 

 There can be no doubt that the petition contains sufficient allegations to state a cause of action against Harry H. Seff. It is firmly established in this state that the violation of a statute or ordinance passed in the interests of public safety and prescribing a rule of conduct constitutes negligence as a matter of law. Section 570-3 of the Ordinances of the city of Akron
 
 *310
 
 comes within this classification. 29 Ohio Jurisprudence, 435, Section 42, and cases cited in the note.
 

 Courts have held generally that it is negligence
 
 per se
 
 for the owner of a motor vehicle to entrust it to a minor under the age specified by statute or ordinance for the purposes of operation, on the theory that the prohibitory enactment itself amounts to a conclusive declaration that an individual younger than the age designated is incompetent to drive a motor vehicle.
 
 Millar
 
 v.
 
 Sender,
 
 137 Ore., 610, 2 P. (2d), 233;
 
 Wilcox
 
 v.
 
 Wunderlich,
 
 73 Utah, 1, 38, 272 P., 207, 221;
 
 Smith, Gdn.,
 
 v.
 
 Healey,
 
 162 Wash., 160, 162, 298 P., 345, 346.
 

 When a parent places an automobile in charge of his immature youngster, and injury follows as a direct result of the careless operation thereof, the parent becomes answerable in damages, not upon the basis of the family relationship or necessarily upon that of principal and agent, but by reason of his culpability in making it possible for the child to occasion harm. Naturally, the deportment of the inexperienced child becomes a factor to the liability of the parent. Without it the wrongful entrustment could not be said to have proximately caused the injury.
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128; 4 Ohio Jurisprudence, 728, Section 117; 46 Corpus Juris, 1332, Section 171; 4 Berry on Automobiles (7 Ed.), 710, Section 4.406; 2 Restatement of the Law of Torts, 835, Section 308.
 

 Neither can there be any doubt that actionable negligence was charged against Robert E. Seff. That a minor, especially of the age of Robert, is civilly liable for torts of the kind described in the petition is' too well established to require comment. 21 Ohio Jurisprudence, 902, Section 43; 14 Ruling Case Law, 259, Section 36; 31 Corpus Juris, 1090, Section 203.
 

 It is plain, therefore, that either father or son could have been- sued for the claimed wrong. Were they rightly joined in one action?
 

 
 *311
 
 The rule recognized by the majority of courts is that when the negligence of two or more persons concur to produce a single indivisible injury, such persons are jointly and severally liable, and the existence of common duty, common design or concerted action is not essential. 1 Cooley on Torts (4 Ed.), 276
 
 et seq.,
 
 Section 86; 62 Corpus Juris, 1133, Section 45.
 

 Within the above rule, the negligence of Harry H. Seff, as averred in the petition, consisted of permitting his fifteen-year-old boy to drive the automobile on the streets of the city of Akron in violation of the ordinance pleaded, thus providing the opportunity for the infliction of harm; the negligence of Robert E. Self was the manner in which he drove the vehicle. Negligence on the part of both existed at the moment of impact and concurred in producing the mischief.
 

 In Ohio, the test often applied to determine the propriety of joining two tort-feasors in one action for an injury due to their acts is whether there is primary and secondary liability to the injured person. Primary liability to the extent of full compensation rests on him who actually commits the wrong, while secondary liability to the same extent rests upon him who, solely by reason of his relationship to the wrongdoer, is likewise answerable. In such case, no joinder in a single action is allowed because there is no joint accountability.
 

 A typical example is presented in the ordinary case of master and servant. When a servant in the course of his employment negligently causes injury to a third person, he is primarily responsible. The master is liable also, under the doctrine of
 
 respondeat superior,
 
 but secondarily so. There can be no joinder of the two in the same action. If the master is forced to pay the damages, he has a right of recovery over against his servant. A comprehensive discussion of this question will be found in
 
 Losito
 
 v.
 
 Kruse, Jr., ante,
 
 183, 24 N. E. (2d), 705, and
 
 Herron
 
 v.
 
 City of Youngstown,
 
 
 *312
 

 ante,
 
 190, 24 N. E. (2d), 708, where most of the pertinent decisions of this court are collected; and compare
 
 Stark County Agricultural Society
 
 v.
 
 Brenner,
 
 122 Ohio St., 560, 172 N. E., 659, wherein the subject of primary and secondary liability is given some attention. Concerning this case it is submitted that the judgment of reversal was quite proper, but that the general proposition of law contained in the third paragraph of the syllabus, to the effect that tort-feasors may be joined
 
 only
 
 when they have acted in concert in the execution of a common purpose and when their negligence is of the same character, is too narrowly stated. “Joint Torts and Several Liability” (Prosser), 25 California Law Review, 413, 432;
 
 Boyd
 
 v.
 
 Watts,
 
 27 Ohio St., 259, 269;
 
 Covington Transfer Co.
 
 v.
 
 Kelly,
 
 36 Ohio St., 86, 90, 38 Am. Rep., 558.
 

 In the present case no primary and secondary liability is involved. Under the averments of the petition, father and son are primarily liable, because the alleged injuries were attributable to their coexisting and combined negligence; the wrongful conduct of the one coupled with that of the other brought about the result complained of. Consequently, they are properly joinable in one action. 30 Ohio Jurisprudence, 769, Section 46.
 

 Should the elder Seff pay the damages he could not recover over against his son. “There is no right of contribution between persons whose concurrent negligence has made them liable in damages. ’ ’
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481. See, also,
 
 U. S. Casualty Co.
 
 v.
 
 Indemnity Insurance Co.,
 
 129 Ohio St., 391, 397, 195 N. E., 850, 853.
 

 In actions to recover damages for personal injuries predicated on the negligent operation of an automobile wrongfully entrusted to an incompetent driver, the propriety of joining owner and driver as parties defendant seems to be accepted as a matter of course.
 
 Rush
 
 v.
 
 McDonnell,
 
 214 Ala., 47, 106 So., 175;
 
 Greeley
 
 
 *313
 
 v.
 
 Cunningham,
 
 116 Conn., 515, 165 A., 678;
 
 Taylor, Admr.,
 
 v.
 
 Stewart,
 
 172 N. C., 203, 90 S. E., 134;
 
 Hopkins, Gdn.,
 
 v.
 
 Droppers,
 
 184 Wis., 400, 198 N. W., 738, 36 A. L. R., 1156;
 
 Lufty
 
 v.
 
 Lockhart,
 
 37 Ariz., 488, 295 P., 975.
 

 No error being discoverable in the judgment of the Court of Appeals, such judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Williams, Myers, Matthias and Hart, JJ., concur.