LOGAN, APPELLANT, *v*. THE CANTON STRUCTURAL STEEL CO. ET AL., APPELLEES.

(No. 1990—Decided October 16, 1941.)

*Mr. E. Mooneyham,* for appellant.
*Messrs. Lynch, Day, Pontius & Lynch,* for appellees.

MONTGOMERY, J.  Plaintiff, appellant herein, filed her petition in the Court of Common Pleas in which she averred that on a certain day and within the city of Canton she was seated in an automobile facing a northerly direction on Harrisburg road, but wholly on the berm or unpaved portion of the street.

She averred further that while so seated in said automobile a motor truck owned by the defendant, The Canton Structural Steel Company, and operated by one of its employees, proceeded in a northerly direction on said Harrisburg road; that in the bed of said truck was a pile of odd shaped pieces of metal, on the top of which was a large, heavy, triangular piece of plate metal, insecurely fastened and projecting over the left side of said truck and over the highway.

She further averred that at the same time another motor truck, owned by the defendant Hothem, and op-

erated by an employee of his, was proceeding in a southerly direction along said Harrisburg road, and met the truck of The Canton Structural Steel Company at the point where plaintiff was parked; that the Hothem truck body struck the triangular piece of metal, knocked it from the truck of the steel company, precipitating it with great force and violence against the automobile in which plaintiff was seated, thereby causing her serious injuries.

Generally speaking, her specifications of negligence are respectively: Against the steel company for permitting said triangular piece of plate metal to be insecurely fastened on said truck and to project over the public highway; against Hothem in that his employee operated the truck to the left of the center of the highway at an excessive rate of speed, causing it to strike and dislodge this piece of plate metal.

The defendant Hothem filed in the Court of Common Pleas a motion to require the plaintiff to elect against which of the two defendants she would proceed. This motion was sustained and the plaintiff not having made her election, the action was dismissed as to the defendant Hothem, and from that judgment of dismissal this appeal is perfected to this court.

It seems to us that the principle involved in this action is determined conclusively by the Supreme Court of Ohio, in the case of *Wery* v. *Seff,* 136 Ohio St., 307, 25 N. E. (2d), 692. That is the last pronouncement of the Supreme Court on this subject of joinder of tort-feasors. It distinguishes previous cases of that court and clarifies the law in Ohio. The fifth paragraph of the syllabus is as follows:

"When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action."

That action was against a father and son jointly. The father was charged with negligence in that he allowed his minor son to operate the automobile, contrary to the provisions of the ordinance of the city of Akron. The negligence charged against the son was in the operation of the machine. As stated on page 311 of the opinion, the negligence of the father was such as to provide the opportunity for the infliction of harm, and the negligence of the son was the manner in which he drove the vehicle and caused the damage. The court says:

"Negligence on the part of both existed at the moment of impact and concurred in producing the mischief."

Further, on page 312 of the opinion, the court says:

"Under the averments of the petition, father and son are primarily liable, because the alleged injuries were attributable to their coexisting and combined negligence; the wrongful conduct of the one coupled with that of the other brought about the result complained of. Consequently, they are properly joinable in one action."

In the instant case, the negligence charged against the steel company was the loading of its truck in such a way as to cause this damage when this metal was struck by a negligent driver of another machine, which negligent driving is the basis of the action against the defendant Hothem. In this case, as in the *Wery case,* under the allegations of the petition the alleged injuries were attributable to the coexisting and combined negligence of the defendants and the wrongful conduct of the one coupled with that of the other brought about the result.

The mere loading of the truck in this manner of itself would not have caused the injuries. The mere driving by the agent of Hothem to the east of the center of the road and at a rapid rate of speed would not

of itself have injured the plaintiff parked on the berm. It was the combined coexisting negligence of the two defendants at this time that caused this injury to the plaintiff, in so far as the averments of the petition are concerned.

It follows that under the authority of the *Wery case,* the trial court erred in sustaining this motion and its judgment will therefore be reversed and this cause remanded to that court for further proceedings.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and SHERICK, J., concur.