Bell, J.
 

 The demurrers admit all of plaintiff’s well-pleaded allegations of fact but do not admit conclusions of law.
 

 It should be kept in mind that no liability arises against either a municipal corporation or a county in connection with the supervision and control of streets, roads or bridges in the absence of a statute creating a liability.
 

 The duties and liabilities of a municipal corporation in connection with its public ways are defined by Section 3714, General Code, which reads as follows:
 

 “Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, * * * sidewalks, * * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
 

 Likewise the duties and liabilities of county commissioners in connection with county roads and bridges
 
 *568
 
 are defined by Section 2408, General'Code, which reads in,part as follows:
 

 “The board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such road or bridge in proper repair * * V’
 

 It should be observed that we are not called upon to determine whether a good cause of action could be stated against either defendant if sued separately. The single question presented is whether the amended petition states a cause of action against the defendants as joint tort-feasors. It should be kept in mind also that the injuries of which the plaintiff complains were sustained by reason of a collision of two motor vehicles traveling in opposite directions upon a street about 36 feet wide. With these facts clearly before us we now proceed to an analysis of the plaintiff’s petition.
 

 The claim that defendants are joint tort-feasors is based upon the allegation of the petition “that Bulkley boulevard is a duly dedicated highway located -in the city of Cleveland, Ohio # * * and that said Bulkley boulevard, and particularly the portion and conditions hereinafter described were erected and constructed and at all times hereinafter referred to were under the joint control, maintenance and direction by and of defendants
 
 *
 
 *
 

 That allegation is partially an allegation of fact and partially a conclusion of law.
 

 Counsel for the defendant county commissioners assert that the allegation that the road was under the joint control, maintenance .and direction of the defendants is not only a conclusion of law but that such conclusion is impossible under the statutes of this state.
 

 Section 7464, General Code, provides that the public highways of the state shall be divided into three
 
 *569
 
 classes, namely, state roads, county roads and township roads.
 

 Section 7467, General Code, provides in part:
 

 ‘ ‘ The state, county and township shall each maintain their respective roads as designated in the classification hereinabove set forth * *
 

 By the provisions of Section 3714, General Code, the council of each municipality is charged with the' care, supervision and control of
 
 public highways,
 
 streets, etc., within the confines of.the municipality.
 

 Section 1189, General Code, provides for state highway routes into or through municipalities, and Section 1189-2, General Code, provides that the Director of Highways may construct, reconstruct, improve, widen, maintain or repair any section of a state highway within the limits of a municipal corporation, but he shall first obtain consent of the council or other legislative authority of such municipal corporation.
 

 Section 6949, General Code, provides that the board of county commissioners may construct a proposed road improvement into, within or through a municipality, when the consent of the council of the municipality has been first obtained.
 

 Section 6954, General Code, provides that the board of county commissioners of a county may repair that portion of a county road extending into or through a municipal corporation or a part of a county road and a city or village street or streets extending into or through a municipal corporation and forming a continuous road improvement when the consent of the council of the municipal corporation has been first obtained.
 

 These statutes make clear beyond doubt that neither the state nor the county in the maintenance of their highway systems has the right or authority to either construct or repair that portion of a state highway or county road within the limits of a municipal corpora
 
 *570
 
 tion, without the consent of such municipality, and it is equally clear that there is no authority in law for a county and a municipality to jointly construct or repair .that portion of a county road within a municipality.
 

 The petition is devoid of any allegation as to whether the work was actually performed by the board of county commissioners or by the city. If the work was actually done by the county commissioners there is no allegation that it was done with the consent of the city.
 

 Assuming that the work was done by the'county commissioners with the consent of the city and assuming further that because of faulty construction a nuisance was created, the plaintiff’s cause of action against the county commissioners, if any, would be predicated upon their negligence in performing the work, and her cause of action against the city, if any, would be predicated upon its breach of the statutory duty imposed by Section 3714, General Code. If liability exists it is apparent that the basis of such liability of the county commissioners is different from that of the municipality.
 

 If a'judgment were recovered in a separate action against a municipality for failure to comply with its statutory duty under Section 3714, General Code, and it were shown therein that the injury was caused by the negligence of the board of county commissioners in the construction or repair of that portion of a county road within the municipality, the city after payment of such judgment would be entitled to indemnification from the county. See
 
 City of Zanesville
 
 v.
 
 Fannan,
 
 53 Ohio St., 605, 42 N. E., 703, 53 Am. St. Rep., 664, and
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E., 1097.
 

 On the other hand if a judgment were recovered under such circumstances against the board of county
 
 *571
 
 commissioners, the county would have no right of indemnification from the city.
 

 This court had occasion to consider a question somewhat similar to the question here presented in the case of
 
 Larson
 
 v.
 
 Cleveland Ry. Co.,
 
 142 Ohio St., 20, 50 N. E. (2d), 163. Judge Hart, in discussing the question there presented, at page 33 said:
 

 “The primary test of joint tort-feasors is whether the plaintiff has a single cause of action against such tort-feasors, or whether he has only a several cause of action against each of them. If he has the former, he is entitled to a joint judgment against such tortfeasors, although he may elect to sue either of them separately on such cause of action. A joint judgment against two or more tort-feasors is proper only where, because of their relationship, concert of action, or independent but concurrent action, each is vicariously responsible for the wrongful acts of the other or others to the extent of the entire damage done. 4 Bestatement of the Law of Torts, 434, Sections 875 and 882.
 

 “On the other hand, a joint judgment cannot be properly rendered against persons under a several liability, merely.
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, 333, 7 N. E., 435. And the permissive joinder of defendants is not enough to warrant a joint judgment against tort-feasors unless they are joint tort-feasors.
 
 Ader
 
 v.
 
 Blau
 
 [241 N. Y., 7, 148 N. E., 771, 41 A. L. R., 1216],
 
 supra.”
 

 The conclusion is inescapable that the city and the board of county commissioners are not joint tortfeasors and are not jointly liable. It therefore follows that the petition which charges only joint negligence fails to state a cause of action against the defendants jointly or either defendant severally.
 

 In reversing the judgment of the Court of Common Pleas, the Court of Appeals erred and its judgment
 
 *572
 
 must be and hereby is reversed, and the judgment of the Court of Common Pleas should be and hereby is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias and Hart, JJ., concur.