DAVIS, ADMR., APPELLANT, *v.* LANESKY ET AL., APPELLEES.

(No. 22243—Decided November 19, 1951.)

*Messrs. McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett,* for appellant.

*Mr. John T. Lasko,* for appellees Mike Lanesky and George J. Ritz.

*Messrs. Schaefer & Schaefer,* for appellee Karl L. Debes.

THOMPSON, J.  This cause is in this court on appeal on a question of law from a final order of the Common Pleas Court.  The sole question is one involving joinder of parties defendant.

Plaintiff, administrator of the estate of Grace Cora Davis, deceased, filed a petition setting forth a cause of action for wrongful death, joining as defendants one Karl L. Debes, a dealer in refrigerator parts and equipment, with Lanesky and Ritz, who were in the business of repairing electric refrigerators. It is alleged that the defendant Debes sold an unmerchantable and defective rotary seal assembly for a refrigerator to defendants Lanesky and Ritz who installed such defective assembly in plaintiff's decedent's refrigerator in an improper and negligent manner. The petition charges that the decedent died as a result of asphyxiation from sulphur fumes which escaped shortly after the installation, as a proximate result of the separate negligence of the seller of the alleged defective equipment and the defendants who did the repair work.

The trial court sustained a demurrer filed by the defendant Debes on the ground of misjoinder of parties defendant, and, plaintiff not desiring to plead further, the court dismissed the petition as to defendant Debes and entered judgment for him against plaintiff. The latter has appealed to this court.

Counsel for the parties have conceded that the question involved is one of apparent first impression in this state. Briefs of both counsel cite the recent cases of *Kniess* v. *Armour & Co.,* 134 Ohio St., 432, 17 N. E. (2d), 734, 119 A. L. R., 1348, and *Wery* v. *Seff,* 136 Ohio St., 307, 25 N. E. (2d), 692. Neither case appears precisely in point as to the present question, but from them and other earlier Ohio cases we deduce three principles, apparently uncontradicted in this state: (1) Joint tort-feasors may be joined as defendants; (2) there is no right of contribution as between joint tort-feasors; (3) where, with respect to the injured party, the individuals responsible as between

themselves possess primary and secondary liability, that is, where a right of contribution from the defendant secondarily liable is indicated, the relationship of joint tort-feasor does not exist.

In addition to these principles, we should also keep in mind, in approaching any question involving joinder of defendants, Section 11255, General Code. This section, originally enacted as Section 35 of the Code of Civil Procedure (51 Ohio Laws, 62, effective July 1, 1853), provides as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

It has been said that the General Assembly, in enacting the foregoing provision, adopted the chancery rule. 30 Ohio Jurisprudence, 759, "Parties" Section 42.

Examination of the Ohio cases on the subject of joinder of parties defendant discloses a lack of uniformity in the decisions, arising not so much out of disagreement on general principles as in application of them by the courts. It appears likewise that the Ohio courts, particularly in the earlier cases, occasionally used language both general and ambiguous in expressing the reasons for their conclusions. In attempting to rationalize the decisions and to obtain some guiding principle, we have found three cases most helpful, i. e., *Wery* v. *Seff, supra; Meyer* v. *Cincinnati Street Ry. Co.,* 89 Ohio App., 169, 100 N. E. (2d), 437 (affirmed, *Meyer* v. *C. S. Ry. Co.,* 157 Ohio St., 38); *Tishler* v. *Taxicabs of Cincinnati,* 11 Ohio Opinions, 17, 4 Ohio Supp., 188. The cases since *Wery* v. *Seff,* in which the Ohio Supreme Court has discussed the circumstances allowing joinder of defendants, in-

clude *Losito* v. *Kruse, Jr.,* 136 Ohio St., 183, 24 N. E. (2d), 705, 126 A. L. R., 1194; *Larson* v. *Cleveland Ry. Co.,* 142 Ohio St., 20, 50 N. E. (2d), 163; *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co.,* 142 Ohio St., 346, 52 N. E. (2d), 340; *Maryland Casualty Co.* v. *Frederick Co.,* 142 Ohio St., 605, 53 N. E. (2d), 795; *Albers, Admr.,* v. *Great Central Transport Corp.,* 145 Ohio St., 129, 60 N. E. (2d), 669; *O'Neill* v. *City of Cleveland,* 145 Ohio St., 563, 62 N. E. (2d), 353; *Garbe* v. *Halloran,* 150 Ohio St., 476, 83 N. E. (2d), 217; *Hillyer* v. *City of East Cleveland,* 155 Ohio St., 552, 99 N. E. (2d), 772.

The case of *Kniess* v. *Armour & Co., supra,* dealt with a wholesaler and retailer as does the instant case, but there the similarity ends. In the *Kniess case* the subject handled was food, while the subject of the present controversy is a defective part. Although a special statute applicable to sale of deleterious food (Section 12760, General Code) was involved in the *Kniess case,* that factor does not appear to have been decisive with the court. The important differentiation between the *Kniess case* and the instant case is that negligent installation of the defective part is charged with respect to the retailer. This active negligence supplied by the retailer, if established as alleged, would appear to prevent the latter from having any right of contribution from the wholesaler, since in any action by the retailer the wholesaler could plead negligence of the retailer to bar recovery.

In *Wery* v. *Seff, supra,* Judge Zimmerman announced a test for determining the right of joinder as defendants of tort-feasors as follows:

"In Ohio, the test often applied to determine the propriety of joining two tort-feasors in one action for an injury due to their acts is whether there is primary and secondary liability to the injured person. Prim-

ary liability to the extent of full compensation rests on him who actually commits the wrong, while secondary liability to the same extent rests upon him who, solely by reason of his relationship to the wrongdoer, is likewise answerable.''

The fifth paragraph of the syllabus in the case declares as follows:

''When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action.''

We also call attention to the language of Judge Hart in the case of *Garbe* v. *Halloran, supra,* in which concurrent negligence is defined as consisting ''of the negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.''

Taking the allegations of the petition as they stand, it seems to us that a cause of action is stated against both defendants in that, even though neither common duty, common design, nor concerted action may be shown, a case is made out of concurrent negligence in producing a single indivisible injury within the language of *Wery* v. *Seff, supra,* and *Garbe* v. *Halloran, supra.* We recognize that absence of primary and secondary liability is not a necessary indication of joint and several liability merely because presence of primary and secondary liability prevents parties from being deemed joint tort-feasors. Nonetheless, it is at least significant that the present situation appears to meet one of the tests for joint tort-feasors laid down in the fifth paragraph of the syllabus in *Wery* v. *Seff.*

From another aspect, we believe joinder should be permitted in the present case. The wholesome trend

of the decisions in jurisdictions which have adopted a modern code of civil procedure is to permit joinder of defendants where such action will allow a complete settlement in a single suit of the various questions growing out of one transaction and discourage a multiplicity of actions. In the present case, the wrongful death of plaintiff's decedent allegedly involves the wrongful acts of two defendants acting independently who have concurred in producing a single injury. Since Ohio no longer insists on the test of "concert of action" laid down in *Stark County Agricultural Society* v. *Brenner, an Infant,* 122 Ohio St., 560, 172 N. E., 659, and has modified that earlier requirement, as seen in *Wery* v. *Seff, supra,* at page 312, we believe the trial court improperly sustained the demurrer.

The judgment of the trial court is, therefore, reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

SKEEL, P. J., concurs.
METCALF, J., dissents.

METCALF, J., of the Fourth Appellate District, sitting by designation in the Eighth Appellate District.