Stewart, J.
The question of law presented to us is a simple one. As stated by defendants, it is, “Upon the facts alleged in the amended petition have the plaintiffs-appellees a joint and several right of action against the defendant-appellants?”
The defendants rely strongly upon the case of City of Mansfield v. Bristor, 76 Ohio St., 270, 81 N. E., 631, 118 Am. *393 St. Rep., 852, 10 L. R. A. (N. S.), 806, the three paragraphs of the syllabus of which read as follows:
“1. WLere a drain laid by property owners in a public street, under permission from the city, empties into a natural stream, and thereafter, without express license from the city, is used as a sewer to discharge sewage into the stream to the injury of a lower riparian owner, the drain is a nuisance, and the city is liable for negligence in not abating it.
‘ ‘ 2. Where different parties discharge sewage and filth into a stream, which intermingle and cause an actionable nuisance, they are not jointly liable for damages when there is no common design or concert of action, but each is liable only for his proportion of the damages.
‘ ‘ 3. The power given to a municipality to prevent injury or annoyance from anything offensive or unwholesome, and to cause any nuisance to be abated, is governmental, and the municipality is not liable for damages from a private nuisance resulting from its omission to exercise the power by the adoption of resolutions or ordinances, or for damages from such nuisance occasioned by a failure of its officers to enforce resolutions or ordinances adopted in the exercise of that power. ’ ’
It is contended by defendants that the judgment of the Court of Appeals runs counter to the second paragraph of the syllabus of the Bristor case, and it apparently does. However, the Bristor case is entirely different from the present one. That ease was an action brought against the city of Mansfield alone to recover damages caused by the pollution of a stream by the city. The city answered that, if the stream had been polluted to the extent that a nuisance was created, that pollution was caused by other riparian proprietors; and in a long opinion this court at least indicated that the amount of pollution by each contributor thereto could be calculated, and that a separate action would have to be maintained against each contributor.
The present action was instituted against all those who, at various times, either by their creation of a nuisance or as a result of negligence, both in combination and severally, caused gasoline to permeate the land of the plaintiffs and to pollute their wells.
*394 It must be remembered that the present case concerns a decision on demurrers to the amended petition. This petition, so far as each oil station is concerned, charges that those who operated it did so in a joint venture or enterprise, and obviously such a charge indicates concerted action, and the charges as I to the different stations indicate that it would be impossible to measure or ascertain the amount of damage or pollution created by any single defendant. If that should turn out to be the fact upon the trial of the case, and if plaintiffs could not have joined the various defendants in their action, a gross injustice would result to plaintiffs since they would have suffered, according to their amended petition, a great damage without compensation.
There was formerly a theory of law that there could be no I joint recovery in tort against persons, in the absence of a com- I mon duty, common design, or concerted action by them in refer- I ence to the injury they caused. However, that theory, if it ever I did obtain in Ohio, has long since been abandoned.
In Wery v. Seff, 136 Ohio St., 307, 25 N. E. (2d), 692, the fifth paragraph of the syllabus reads as follows:
“When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action.” See, also, Meyer v. Cincinnati Street Ry. Co., 157 Ohio St., 38, 104 N. E. (2d), 173, and Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823.
Defendants contend that the foregoing cases are in a different category from pollution cases, but it is difficult to see a distinction between them, except in cases where the amount and measure of pollution of each individual creator can be ascertained and measured.
In tort cases based on collisions, as were the foregoing three, it is impossible to measure the amount of damage occasioned by the negligence of a particular tort-feasor as distinguished from the amount occasioned by his concurrent tort-feasor, and, therefore, from the necessity of justice, a joinder must be permitted.
*395 Since, as held in the McCullough case, supra, in determining the sufficiency of a petition on demurrer, its allegations must he liberally construed in favor of the plaintiff, and since an examination of the amended petition herein indicates that the various defendants as to each company’s station were acting concurrently and it is impossible to determine the amount of damage caused by any company’s station as distinguished from that caused by another, it is apparent that, as tested by demurrers, the amended petition is proper in its joinder of the various defendants named therein as well as its causes of action.
The statute governing joinder of causes of action which was in force at the time the action herein was instituted was Section 11306, General Code (Section 2309.05, Revised Code). This statute provides that the plaintiff may unite several causes of action in the same petition where they are included in the same transaction or in transactions connected with the same subject of action. This would seem to dispose of the question whether there was a proper joinder of causes of action in the present case.
The statute governing joinder of defendants, in force at the time of the institution of the present action, was Section 11255, General Code (Section 2307.19, Revised Code). This statute reads as follows:
“Any person may be made a defendant, who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.”
Since the amended petition alleges that the negligence of “each and all” of the defendants caused a single indivisible injury to plaintiffs, and since it is a reasonable inference from the language of the amended petition that it is impossible to determine the amount of injury caused by the action of any single defendant, so far as the allegations of the amended petition are concerned, there was a proper joinder of causes of action and defendants.
As was well stated in the opinion of the Court of Appeals, “we are not here now interested in the question of proof to establish the claims, but in the legal question of joint and several liability, as set out by the claim in the [amended] petition.”
*396 The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Bell, Taet, Matthias auc HERBERT, JJ., concur.