GRIFFITH, J., of the Seventh Appellate District, sitting by designation in the Tenth Appellate District.

HARDWARE MUTUAL CASUALTY CO. ET AL., APPELLANTS, *v.* PEROZ ET AL., APPELLEES.*

---

*Motion to certify the record overruled, January 14, 1959,

(No. 2831—Decided October 7, 1958.)

*Messrs. Black, McCuskey, Souers & Arbaugh,* for appellants.

*Messrs. Day, Cope, Ketterer, Raley & Wright,* for appellee.

McClintock, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas. We will refer to the parties in this action as they were designated in the court below, to wit, Hardware Mutual Casualty Company and James B. Warner, plaintiffs, and Bernard C. Peroz and Ronald C. Sedoris, defendants.

Plaintiffs filed an amended petition against the defendants, which in part is as follows:

"Plaintiffs say that at all times stated herein the plaintiff James B. Warner was the owner of a 1953 White tractor and semi-trailer covered by the above mentioned insurance contract; that West Ely Street is a duly dedicated street running in a general easterly-westerly direction in the city of Alliance, Ohio.

"Plaintiffs further say that on the 16th day of March, 1956, at approximately 7:15 a. m., the said White tractor-trailer of the plaintiff James B. Warner was standing on West Ely Street approximately in front of the Transue-Williams Company headed in an easterly direction; that while plaintiff's said tractor-trailer was thus standing in the eastward driving lane of West Ely Street, defendant Bernard E. Peroz, who was then driving a 1949 Studebaker sedan did suddenly and without warning crash into the rear of plaintiff's said truck, causing or contributing to the damages hereinafter set forth.

"Plaintiff further says that thereafter, and before the above mentioned vehicles had been extricated, or damages had been ascertained, defendant Ronald C. Sedoris, who was then

driving a 1951 Ford automobile, did suddenly and without warning crash into the rear of the automobile of said defendant Bernard C. Peroz forcing the automobile of defendant Peroz further into the rear of the truck of plaintiff Warner, further causing or contributing to the damages hereinafter set forth; that because of the events hereinbefore set forth plaintiffs have been damaged and that such damages were caused by the negligence of each of the defendants in the following respects:

"1. Failure to keep a lookout on the road ahead.

"2. Failure to maintain an assured clear distance ahead.

"3. Failure to have their automobiles under control.

"4. Driving at a speed greater than was reasonable and proper under the circumstances.

"Plaintiffs further say that as a direct and proximate result of the negligence of the defendants as aforesaid, plaintiff Warner's tractor-trailer was damaged in and about its rear end and rear wheels; that immediately after the aforesaid events the reasonable value of plaintiff Warner's said truck was $409.48 less than its reasonable value had been just prior to being damaged by said defendants."

To this amended petition the defendant Sedoris filed a demurrer, claiming that there was a misjoinder of parties defendant on the face of the amended petition, and the court thereupon sustained the demurrer and dismissed Sedoris as a party defendant.

Thereafter plaintiffs appealed to this court on questions of law, and the only question involved in this case is, did the trial court commit prejudicial error by not construing the allegations of the amended petition most favorably to the plaintiffs when sustaining the demurrer?

Counsel for defendant Sedoris claim that under the allegations of the amended petition it was not stated that the negligence of defendants concurred to produce a single, indivisible injury, unless there has been a concert of action, and joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose, and where the want of care of each is of the same character, citing 30 Ohio Jurisprudence, 772. However, that statement in 30 Ohio Jurisprudence is no longer the law in the state of Ohio.

On this question we cite *Meyer* v. *The Cincinnati Street Ry. Co.*, 157 Ohio St., 38, 104 N. E. (2d), 173, the first and second paragraphs of the syllabus of which are as follows:

"1. Where damage or injury is proximately caused by independent but concurrent wrongful acts of two or more persons, joint liability results, and such wrongdoers may be joined as defendants even though they may not have acted in concert in the execution of a common purpose and the want of care of such defendants may not have been of the same character, and joint or several judgments may be rendered against such wrongdoers.

"2. The predicate of joint liability is not necessarily limited to the commission of a joint act or joint tort. (Paragraph three of the syllabus of *Stark County Agricultural Society* v. *Brenner, an Infant*, 122 Ohio St., 560, overruled.)"

Also, on page 41, it is said:

"This principle is recognized in the opinion in *Wery* v. *Seff*, 136 Ohio St., 307, 311, 25 N. E. (2d), 692, where Judge Zimmerman stated:

"The rule recognized by the majority of courts is that when the negligence of two or more persons concur to produce a single indivisible injury, such persons are jointly and severally liable, and the existence of common duty, common design or concerted action is not essential.

"In 1 Cooley on Torts (4 Ed.), 277, Section 86, the author states:

" 'The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concerted action.' Citing decisions from many states. See, also, Prosser on Torts, 1092, Section 109 *et seq.*

"In Ohio, as in most states, there is a well defined purpose of the courts to avoid multiplicity of suits, in law as well as in equity, and to permit, so far as possible, all issues to be adjudicated in one action. That motive prompted the enactment in 1853 of Section 35 of the 'Act to Establish a Code of Civil Procedure' (51 Ohio Laws, 57). * * *"

In *Glass* v. *McCullough Transfer Co.*, 159 Ohio St., 505, 112 N. E. (2d), 823, it is held:

"4. Where damage or injury is proximately caused by independent but concurrent wrongful acts of two or more persons, such wrongdoers may be joined as defendants even though they did not act in concert in the execution of a common purpose."

And in *Davis, Admr.,* v. *Lanesky,* 91 Ohio App., 125, 107 N. E. (2d), 919, it is held as follows:

"1. It is reversible error for a trial court to sustain a demurrer to a petition on the ground of misjoinder of parties where from the allegations of such petition setting forth a cause of action for wrongful death, it appears that the plaintiff's intestate met her death as a proximate result of the concurrent negligence of a dealer who sold an unmerchantable and defective part for a refrigerator and the party who allegedly installed the part in decedent's refrigerator in an improper and negligent manner.

"2. A cause of action is stated against two defendants, even though neither common duty, common design nor concerted action may be shown, where a case is alleged of concurrent negligence on their part in producing a single indivisible injury.

"3. The test for determining the propriety of joinder of parties defendant is not that of concert of action, and a joinder is proper where the wrongful acts of two defendants acting independently have concurred in producing a single injury."

In conclusion, for the reasons herein stated and the authorities cited, we are of the opinion that there was not a misjoinder of parties defendant and the judgment of the Court of Common Pleas is reversed and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

PUTNAM and McLAUGHLIN, JJ., concur.