Ryan, Appellant, v. Mackolin et al., Appellees.

[Cite as Ryan v. Mackolin, 9 Ohio App. 2d 74.]

(No. 8344—Decided January 10, 1967.)

Mr. Rick E. Marsh, for appellant.

Messrs. Power, Griffith, Jones & Bell and Mr. William H. Schneider, for appellee Daniel Mackolin.

Messrs. Hamilton & Kramer and Mr. Joseph R. Hague, for appellees Judson Carl Boley, Jr., and J. C. Boley.

Duffy, J. Plaintiff, appellant herein, sought to join in one action a driver of an automobile who struck his car in the rear in December 1963, and a driver of another automobile who, five months later, in May 1964, also struck his car in the rear. In both accidents he received an injury to his low back for which he was later operated on.

Plaintiff contends this is permissible under Sections 2307.-191 and 2309.05 of the Revised Code, but the trial judge sustained a demurrer to plaintiff's petition on the grounds of misjoinder of parties defendant and misjoinder of causes of action.

Section 2307.191, Revised Code, reads as follows:

"(A) All persons may join in one action as plaintiffs if

they assert any right to relief jointly, severally, or in the, alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"(B) The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

The pertinent part of Section 2309.05, Revised Code, relied upon reads:

"The plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, or both, when they are included in any of the following classes:

"* * *

"(D) Injuries to person and property, or to either;

"* * *"

In determining the sufficiency of a petition on demurrer, the allegations of such petition must be liberally construed in favor of the plaintiff, and the plaintiff must be given the benefit of whatever can, by fair and reasonable intendment, be implied from the allegations of the petition. *Glass* v. *McCullough Transfer Co.,* 159 Ohio St. 505.

It is our understanding that those provisions were put into the statute to help the courts and keep them from hearing the same cases twice. There is little doubt that the same evidence would be competent in separate trials against these two de-

fendants, appellees herein. We, therefore, find that the trial court was in error when it found that these separate accidents did not constitute a series of occurrences, and that a question of law common to both of them would not be decided in one action. See *Schindler* v. *Standard Oil Co.*, 166 Ohio St. 391; *Glass* v. *McCullough Transfer Co.*, 159 Ohio St. 505; and *Hardware Mutual Casualty Co.* v. *Peroz*, 110 Ohio App. 390.

The judgment of the trial court will be, and hereby is, reversed, and the cause remanded to the trial court with instructions to overrule the demurrer and permit the joinder.

*Judgment reversed and cause remanded.*

BRYANT, P. J., and DUFFEY, J. concur.