KNAPP *v.* CRESTON ELEVATOR, INC., ET AL.

[Cite as Knapp v. Creston Elevator, Inc.,
13 Ohio Misc. 188.]

(No. 52390—Decided December 26, 1967.)

Court of Common Pleas of Columbiana County.

*Messrs. Sindell, Sindell, Bourne, Markus, Stern & Spero,* for plaintiff.

*Mr. Chester C. Beard,* for defendants Creston Elevator, Inc., & Daniel E. Bowman.

*Messrs. Pfau, Pfau & Comstock,* for defendant Charlene Brown.

*Per Curiam.* This matter came on to be heard on the separate demurrers of defendants Creston Elevator, Inc., Daniel E. Bowman and of defendant Charlene Brown. The basis of the demurrers is that there is a misjoinder of parties defendant and a misjoinder of causes of action.

The demurrers present a somewhat novel question of pleading. The petition shows that the plaintiff was involved in two separate automobile accidents about eight months apart; that he was first injured when a truck of defendant Creston Elevator, Inc., driven by defendant

Daniel E. Bowman struck his automobile on October 28, 1966, and that the first injury was aggravated in a second collision on June 30, 1967, when plaintiff's car was struck by an automobile of the defendant Charlene Brown. Each accident is set up in a separate cause of action and the prayer is a joint one for $60,000.00 against all three defendants.

The plaintiff says that the joinder of defendants and of the causes of action is proper by reason of Section 2307.191, Revised Code, which became effective August 26, 1963. The pertinent part of said section reads as follows:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *"

Defendants say, however, that there must be an allegation of one indivisible injury resulting from the concurrent negligence of the defendants before the joinder of all the defendants would be proper and they also say that the two causes of action must affect all the parties to the action.

In considering these demurrers the court has had the benefit not only of the statute, Section 2307.191, Revised Code, but also of the case of *Ryan* v. *Mackolin*, 9 Ohio App. 2d 74.

The facts in the decided case are substantially the same as in the instant case. The trial court sustained the demurrer for misjoinder of defendants and of the causes of action. On appeal, however, the Court of Appeals reversed and remanded to the trial court. The syllabus reads:

"Where two separate accidents result in a common disability to the same person, there is a series of occurrences as well as a common question of fact and law within the meaning of Section 2307.191, Revised Code, and a joinder of defendants should be permitted."

It appears that Section 2307.191, Revised Code, is an exact copy of Rule 20 of the Rules of Civil Procedure of

the Federal Courts and there are numerous cases under that rule which permit the joinder of defendants and of causes of action with circumstances similar, if not the same, as in the instant case.

The court feels also that there is some significance to the fact that the Legislature has repealed Section 2309.06, Revised Code, which reads as follows:

"The causes of action united as provided in Section 2309.05, Revised Code, must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

It is a fair inference that when the Legislature repealed this section they intended to liberalize the joinder of causes of action and such repeal implemented the joinder of parties. Section (2307.191, Revised Code) above referred to.

Defendant Charlene Brown in her brief suggests that the court make an order under paragraph (B) of Section 2307.191, Revised Code, which would require separate trials as against the separate defendants. It is possible that there may be some reason that may subsequently appear which would justify the court in ordering separate trials under this section but at the present time the court declines to do so. The plaintiff is asserting a claim against all three defendants and even though the amount prayed for is a joint prayer against all defendants, yet at the trial the court can submit separate verdicts as to the various defendants just as effectively as the court now does where cases are consolidated under present statutes.

It appears plain to the court that as novel as this procedure may seem to someone who has practiced law for many years under the old rules, nevertheless it does seem plain that it was the intention of the Legislature to liberalize the rules of procedure with respect to the joinder of causes of action and of parties and to make the rule the same as Rule 20 of the Federal Court which has been in effect for many years.

Accordingly, the demurrers of all defendants are overruled and request for separate trials by the defendants Creston Elevator, Inc., and Daniel E. Bowman is also overruled. Exceptions allowed defendants.

*Demurrers overruled.*