ORDERED that the writ of habeas corpus prayed for herein should be and hereby is granted.

TRAVELERS INDEMNITY COMPANY *v.* TROWBRIDGE.

(No. 859,036—Decided December 14, 1972.)

Common Pleas Court of Cuyahoga County.

*Mr. Frank Seth Hurd, Mr. John M. Baker* and *Messrs. Weston, Hurd & Fallon*, for plaintiff.
*Mr. Dwight B. Buss, Mr. Parker M. Orr* and *Messrs. Baker, Hostetler & Patterson*, for defendant.

WHITE, J. This action comes before the court on defendant's motion for judgment on the pleadings on the ground that the plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff's petition and amended reply, the material allegations of which are deemed to be true for purposes of ruling on the defendant's motion for judgment on the pleadings, recite that on August 30, 1965, its insured, Republic Steel Corporation (hereinafter referred to as "Republic") entered into an agreement with Industrial Valves, Inc., for the reconditioning of a pneumatic accumulator belonging to Republic. On September 7, 1965, during the course of the reconditioning, Walter Dlusky, an employee of Industrial Valves, Inc., was injured, suffering facial burns and lacerations, a broken denture, injuries to his right eye, a contusion of the left knee, a fracture of the right wrist, nervous and emotional shock, and, most significantly in terms of subsequent developments, a serious injury to the cervical spine involving the herniation of an intervertebral disc. Travelers concedes that these injuries were suffered by reason of the negligence of its insured, Republic.

As a result of the injury to his cervical spine, Dlusky was treated by defendant, William Trowbridge, M. D., and was forced to undergo an operation known as, an "anterior cervical intervertebral fusion." During the performance of the operation Llusky suffered a cotusion of the spinal cord, resulting in complete paralysis of the lower extremi-

ties, partial paralysis of the upper extremities, and loss of bowel and bladder control. Plaintiff alleges that these additional injuries were the proximate result of defendant's negligence in driving a bone plug into Llusky's spinal cord during the course of the operation and claims that under the applicable rule of law, its insured, Republic, was liable to Dlusky not only for the original injuries, but also for the aggravation of said injuries incurred during their treatment.

Thereafter, on April 11, 1966, Dlusky filed an action against Republic, seeking recovery for all his injuries in the amount of $1,500,000. Plaintiff alleges that it notified defendant, in writing, of the commencement of Dlusky's action and demanded that he assume the defense thereof, which he refused to do, and that it subsequently invited defendant to participate either in settlement or trial of Dlusky's action as to that amount of damage which might be reasonably attributed to his negligent acts, but he again refused. Shortly after this second communication, plaintiff, in its capacity as Republic's insurer, settled the suit brought by Dlusky for $290,000, and Dlusky executed a general and unconditional release to Republic.

On April 11, 1968, plaintiff commenced the present action against defendant, asserting that it was subrogated to the rights of its insured, Republic, and demanding judgment for $290,000 and its defense costs in the Dlusky suit, plus its costs in the instant action. Defendant demurred to the petition on the grounds that the plaintiff's petition did not state a cause of action and that plaintiff's claim was barred by the statute of limitations. This demurrer was overruled by another member of this court, and defendant answered, pleading several defenses not admitted by plaintiff's amended reply and not now considered by the court for purposes of this motion for judgment on the pleadings. Full responsibility for the case was subsequently assigned to this member of the court under the Personal Docket System inaugurated on January 1, 1972. After reviewing the past history of the case, the court requested the parties to prepare special briefs on the issue of whether plaintiff had pleaded a cause of action against defendant. These

briefs, along with defendant's motion for judgment on the pleadings, were filed on November 29, 1972.

Travelers' action is based upon a subrogation provision in its insurance contract with Republic. Accordingly, it stands in the shoes of its insured and can have no greater rights against Dr. Trowbridge than Republic. *Royal Indemnity Co. v. Becker* (1930), 122 Ohio St. 582. If a petition filed by Republic against Dr. Trowbridge failed to state a claim upon which relief could be granted, the same is true of a petition filed by Travelers, its subrogee.

The issue which the court must decide is whether a tortfeasor who pays a judgment or makes a settlement which includes damages for aggravation of the victim's injuries by the alleged negligence of a physician in treating them, thereby acquires a cause of action against the allegedly negligent physician for indemnity. The parties agree that there are no reported Ohio decisions directly in point. Thus, on this narrow issue, this appears to be a case of first impression. However, under established principles of the law of negligence and of indemnity enunciated by the Ohio Supreme Court, Republic, as plaintiff's subrogor, and defendant are deemed to be concurrent tortfeasors with respect to the aggravation during surgical treatment of the injury inflicted by Republic on Dlusky, and there is no right of contribution or indemnity between concurrent tortfeasors in Ohio. Accordingly, this court holds that plaintiff, Travelers Indemnity Company, has not stated a cause of action against defendant, William V. Trowbridge, M. D. The diligence of counsel for plaintiff has uncovered cases from three other jurisdictions which reach a contrary result on facts similar to those here, but this trial court is bound by the controlling decisions of the Ohio Supreme Court, and under these decisions plaintiff has no cause of action.

In Ohio, as in the great majority of jurisdictions, a tortfeasor is liable to the injured party for any aggravation of his injuries by a treating physician. *Tanner v. Espey* (1934), 128 Ohio St. 82; *Loeser v. Humphrey* (1884), 41 Ohio St. 378. The legal theory at the heart of this rule is that the negligence of the original tortfeasor is the proximate cause of the need for medical treatment and of any

untoward consequences resulting therefrom. The rule in Ohio is stated in the first paragraph of the syllabus of *Tanner* v. *Espey, supra*:

"1. If one who has suffered personal injuries by reason of another's negligence exercises reasonable care in obtaining the services of a competent physician or surgeon, and such injuries are thereafter aggravated by the negligence, mistake or lack of skill of such physician or surgeon, such aggravation is a proximate result of the negligence of the original tortfeasor, and he is liable therefor."

Indeed it was on the basis of this rule, imposing liability upon plaintiff's insured, Republic, for all of Dlusky's injuries, including those inflicted by Dr. Trowbridge's alleged negligence, that plaintiff made the substantial settlement that it did.

Plaintiff, although admitting that its insured, Republic, was liable for Dlusky's injury during treatment, contends that such liability is only secondary and that Republic is entitled to indemnity from Dr. Trowbridge as the party primarily responsible. This is not, however, a case of primary and secondary liability. Republic's liability is primary, for the proximate result of its own active negligence in causing the original injury to Dlusky's cervical spine. Secondary liability arises only when one party is required to respond for the tort of another solely because of his relationship to the wrongdoer, or because of a duty imposed upon him by law, rather than because of any acts of active negligence on his own part. Indeed, a *sine qua non* of secondary liability is that the party whose liability is deemed to be secondary must himself be free of active negligence, his responsibility instead being based on his relationship with the actual wrongdoer or upon a rule of public policy. Hence a tortfeasor's liability cannot be deemed to be merely secondary when, as is the case with Republic, its own active negligence is a proximate cause of the damage to the injured party. See *e. g., Albers* v. *Great Central Transport Corp.* (1945), 145 Ohio St. 129; *Globe Indemnity Co.* v. *Schmitt* (1944), 142 Ohio St. 595; *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co.* (1943), 142 Ohio St. 346; *Wery* v. *Seff* (1940), 136 Ohio St. 307; *Fidelity and*

*Cas. Co. of New York* v. *Federal Express* (6th Cir. 1943), 136 F. 2d 35 (Ohio law); *Continental Cas. Co.* v. *Ohio Edison Co.* (6th Cir. 1942), 126 F. 2d 423 (Ohio law); *American Radiator & Standard Sanitary Corp.* v. *Titan Valve & Manufacturing Co.* (N. D. Ohio 1956), 144 F. Supp. 841, affirmed (6th Cir. 1957), 246 F. 2d 947; *Union Stock Yards Co. of Omaha* v. *Chicago, Burlington and Quincy Rd. Co.* (1905), 196 U. S. 217.

In each of the Ohio cases cited by plaintiff in support of its contention that its liability is secondary there was no active negligence on the part of a party held to be merely secondarily liable. In *Albers* v. *Great Central Transport Corp., supra,* the defendant's liability, which was found to be secondary, was based solely upon the fact that a tort had been committed by an employee of its agent. In *Globe Indemnity Co.* v. *Schmitt, supra,* the party found to be secondarily liable was merely an occupier of real property upon whose premises an independent contractor had created a condition which caused injury to a passerby. In contrast, in *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co., supra,* also relied upon by plaintiff in support of its proposition that Republic's liability is merely secondary, the plaintiff's subrogor, like Republic, was in fact found to be itself actively and independently negligent. Consequently, its negligence was deemed to be primary and concurrent with that of the party from whom it was seeking indemnity rather than secondary and its claim for indemnity was denied. The rule in Ohio is clear: Active negligence which is the proximate cause of an injury does not later result in mere secondary liability.

The liability relationship between Dr. Trowbridge and Republic is not one of primary and secondary liability. Dlusky's injury during treatment was a proximate result of the active negligence of both Republic and Dr. Trowbridge; Republic's in forcing Dlusky to undergo a dangerous operation and Dr. Trowbridge's in allegedly performing it incorrectly. Consequently, Republic and Dr. Trowbridge stand in the position of concurrent tortfeasors, jointly liable for the results of their combined negligence.

Plaintiff earnestly contends that Republic and Dr.

Trowbridge cannot be deemed concurrent tortfeasors because their separate acts of negligence did not occur at the same time. But the rule in Ohio, stated in the first two paragraphs of the syllabus of *Garbe* v. *Halloran* (1948), 150 Ohio St. 476, is that:

"1. Concurrent negligence consists of the negligence of two or more persons *concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.*"

"2. Where the negligence of an earlier wrongdoer remains a dangerous force until the negligence of a later wrongdoer concurs and combines with it to cause injury, the wrongdoers are concurrent tort-feasors and their combined negligence becomes the proximate cause of the injury." (Emphasis added.)

In *Garbe* v. *Halloran, supra,* the plaintiff was operating her automobile in an easterly direction. One Herbig, a westbound driver, apparently veered out of control and struck the rear of Miss Garbe's automobile, inflicting minor damage to its rear end and causing it to come to a stop crosswise across the roadway. Thereupon, so exposed, Miss Garbe's automobile was struck on the left side five or six seconds later by the defendant, Halloran, also eastbound, who had failed to maintain an assured clear distance ahead, inflicting serious damage to the left side of Miss Garbe's automobile and injuries to her person. Under these circumstances, the Supreme Court held that, as a matter of law, Herbig and Halloran were concurrent tortfeasors as to the second collision with Miss Garbe's automobile, and hence that a release Miss Garbe had given Herbig barred her claim against Halloran. The significant fact was not that the two tortious acts did not concur in point of time, but that they did concur in point of consequence to produce a single, indivisible injury—Miss Garbe's personal injuries and the damage to the left side of her automobile caused by the second impact by Halloran. The negligence of Herbig, by leaving Miss Garbe's automobile across the roadway, had caused dangers to which she was previously not exposed. His negligence was still a dangerous force at the time when Halloran's negligence concurred and combined

with it to produce a single, indivisible injury to Miss Garbe's person and to the left side of her automobile.

The relationship between the parties in the present action is the same. The negligence of Republic, the initial tortfeasor, produced a serious injury to Dlusky's cervical spine. It placed him in a zone of danger—on an operating table where an anterior cervical intervertebral fusion was being performed on his spine. While he was in this vulnerable position, the alleged negligence of Dr. Trowbridge concurred and combined with Republic's earlier negligence to cause a damaging contusion to his spinal cord. Under the rule of *Garbe* v. *Halloran, supra*, Republic and Dr. Trowbridge are concurrent tortfeasors with respect to the damage caused by the contusion to Dlusky's spinal cord, the end result of their combined negligence, just as Herbig and Halloran were concurrent tortfeasors with respect to the damage caused to Miss Garbe's person and the left side of her automobile, the end result of their combined negligence.

*Ryan* v. *Mackolin* (1968), 14 Ohio St. 2d 213, relied upon by plaintiff, is not in point. There Ryan, the plaintiff, was first injured in the back when his automobile was struck from the rear by a vehicle operated by defendant Boley. Later, in an unrelated accident, his automobile was again rear-ended, this time by defendant Mackolin, and the injuries to his back suffered in the collision with Boley were aggravated. Ryan brought suits against both Boley and Mackolin, seeking a joint and several judgment. The Supreme Court, however, held that the liabilities of the two defendants were merely several, not joint, because they were not concurrent tortfeasors. For, unlike the situation in *Garbe* v. *Halloran, supra*, the two acts of negligence were independent. The fact that Boley had earlier rear-ended Ryan's automobile did not in any way expose Ryan to the later collision with Mackolin. In contrast, Miss Garbe's automobile never would have been struck by Halloran had she not been involuntarily placed in a position of vulnerability by the earlier collision with Herbig. In the words of the Supreme Court:

"The concurrence required in Ohio, so as to permit not only the joinder of, but a joint judgment against, both tort-feasors, is not in the production of an injury, but in the negligent placement of plaintiff by the first tortfeasor in a zone of danger so that the negligence of the second tort-feasor injures plaintiff while involuntarily in that zone of danger." *Ryan* v. *Mackolin*, 14 Ohio St. 2d 213, 220.

Boley's and Mackolin's collisions with Ryan were independent and unrelated; the initial collision caused by Boley in no way increased the likelihood of the subsequent collision with Mackolin. Consequently Boley and Mackolin were not concurrent tortfeasors. In contrast, the treatment injury suffered by Dlusky during the anterior cervical intervertebral fusion performed by Dr. Trowbridge would never have occurred had not Republic's initial action forced him to undergo this dangerous operation. Accordingly, under the rule of *Garbe* v. *Halloran, supra*, Republic and Dr. Trowbridge are concurrent tortfeasors, just like Herbig and Halloran, and their combined negligence was the proximate cause of Dlusky's injury during treatment.

From the holding that the liability relationship between Republic and Dr. Trowbridge is not that of primary and secondary liability, but, on the contrary, that of concurrent tortfeasors jointly liable for the aggravation of Dlusky's original injury, it follows directly that plaintiff, Travelers Indemnity Company, as Republic's insurer and subrogee has no cause of action against Dr. William V. Trowbridge. For, as the Supreme Court has stated time and time again, there is no right to contribution or indemnity between joint or concurrent tortfeasors in Ohio. *Massachusetts Bonding & Ins. Co.* v. *Dingle-Clark Co. supra*, 142 Ohio St. 346; *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582; *Maryland Cas. Co.* v. *Gough* (1946), 146 Ohio St. 305; *Wery* v. *Seff, supra* (136 Ohio St. 307). These decisions, rather than the foreign law cited by plaintiff's counsel, control this court's determinations. Accordingly, defendant's motion for judgment on the pleadings must be granted.

*Motion granted.*