Alvin Sommers, Plaintiff-Appellant, and Rosalie Solomon, Plaintiff, v. Chester Korona, Defendant, and Nado Massari and Irene Massari, Defendants-Appellees.

Gen. No. 49,536.

First District, Fourth Division.
December 31, 1964.

John G. Phillips, of Chicago, for Alvin Sommers, appellant.

Hubbard, Hubbard, O'Brien & Hall, of Chicago, for Nado Massari and Irene Massari, appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken by plaintiff, Alvin Sommers, from an order of the trial court dismissing Count I of the complaint.

Count I alleged that on December 28, 1962, the plaintiff, Alvin Sommers, was operating a motor ve-

hicle, and that while he was in the exercise of due care for his own safety, the defendants, Irene Massari and Nado Massari, who were also operating a motor vehicle, collided with the rear of the plaintiffs' vehicle, causing the plaintiff, Alvin Sommers, to suffer "severe, multiple, and permanent injuries." The next paragraph states that as a consequence of said injuries above enumerated, "there exists a common question of fact regarding the plaintiff, Alvin Sommers, the allegations which appear in Count II." It is further stated that as a direct and proximate result of the negligence of the defendant, the plaintiff, Alvin Sommers, suffered and sustained "divers serious wounds and injuries in and about his head, body, arms, and legs, which caused injuries of a permanent and lasting nature."

Count II alleged that on August 15, 1963, the plaintiff, Alvin Sommers, was operating a motor vehicle and was exercising due care. Accompanying him was Rosalie Solomon. It further alleged that both Sommers and Solomon at the time were exercising due care for their own safety; that the defendant, Chester Korona, who was also operating a motor vehicle, collided with the rear of Sommers' vehicle, causing "severe, multiple and permanent injuries" to both plaintiffs; and it repeats the same statement enumerating the injuries made in Count I.

The defendants, Nado Massari and Irene Massari, on October 22, 1963, filed a motion to dismiss Count I of plaintiffs' complaint, and in that motion stated that the Massaris have never had any affiliation, association or connection with Korona, and that the accidents of December 28, 1962, and August 15, 1963, have no association or relevance, and that the parties-plaintiff in the two counts are not identical.

On November 13, 1963, defendant Korona filed an answer to Count II of the complaint. On November

18, 1963, an order was entered permitting an affidavit of John G. Phillips, attorney for the plaintiff, Alvin Sommers, to be filed. In that affidavit he states that he filed the suit against the defendants in accordance with Section 24 and Section 44 of the Civil Practice Act, it appearing that the plaintiff, Alvin Sommers, received injury to the same portion of his body in the two separate accidents, and that it would be prejudicial to the plaintiff to try the cases separately for the reason "that there exists this common question of fact which can only be adjudicated by one jury."

On the same day the trial court entered an order dismissing the Massaris as defendants in the action and also dismissing Count I of the complaint. The order contained the required provision under Section 50(2) of the Civil Practice Act. From that order this appeal is taken.

The plaintiff in this court relies upon certain sections of the Civil Practice Act. Section 44(1) provides:

"Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; and subject to rules the defendant may set up in his answer any and all cross demands whatever, whether in the nature of recoupment, setoff, cross bill in equity or otherwise, which shall be designated counterclaims."

Section 44(2) provides:

"The court may, in its discretion, order separate trial of any causes of action, counterclaim or third-party claim if it cannot be conveniently disposed of with the other issues in the case. . . ."

Section 26 provides:

"No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. . . ."

Section 23 provides:

"Subject to rules, all persons may join in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally or in the alternative, whenever if those persons had brought separate actions any common question of law or fact would arise: provided, that if upon the application of any party it shall appear that joinder may embarrass or delay the trial of the action, the court may order separate trials or enter any other order that may be expedient. Judgment may be given for any one or more of the plaintiffs who may be found to be entitled to relief, for the relief to which he or they may be entitled."

Section 24 provides:

"(1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

428

"(2)   It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

██ ██   There is no question that the Practice Act should be liberally construed. American Transp. Co., Inc. v. United States Sanitary Specialties Corp., 2 Ill App2d 144, 118 NE2d 793. At common law it was held that the plaintiff had the option of suing joint tort-feasors jointly or severally, and the joinder of causes of action was to a great extent controlled by the writ system and the forms of action. It was further held that various claims falling within the legal limits of a single form of action might be joined in different counts even though based on widely separated groups of facts. Clark on Code Pleading (2nd Ed 1947), Sec 59. In equity there was a much greater liberality, and its practice permitted a much wider joinder; however, even in equity the bill could not be multifarious, and joinder was permitted only where the various causes could be tried in a single suit more conveniently, where a multiplicity of suits would be avoided and no unreasonable hardship would be caused the party against whom the relief was asked. Cohagan v. Cohagan, 294 Ill 439, 128 NE 494. When the codes of practice were adopted the rule, which had heretofore prevailed in courts of chancery, was brought into the courts of law.

Under our Civil Practice Act a joinder of parties-defendant is proper when it is necessary to make the person a party-defendant for the "complete determi-

nation or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined." (Section 24.)

The Practice Act, in subparagraph (2) of that section, further provides that it is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in the proceeding; and the court is permitted to make orders to prevent any defendant from being embarrassed or forced to incur expenses by being required to attend proceedings in which he may have no interest. There is a further provision for the joinder of two or more defendants by stating the plaintiff's claim in the alternative. The sections with reference to joinder of parties must be read and construed together with Section 44 pertaining to joinder of causes of action. Opal v. Material Service Corp., 9 Ill App 2d 433, 133 NE2d 733.

In Johnson v. Moon, 3 Ill2d 561, 121 NE2d 774, at page 567 the court, after discussing joinder of parties before the enactment of the Civil Practice Act, stated:

"The Civil Practice Act establishes quite different standards to govern the joinder of parties and of causes of action whether at law or in equity. As between a single plaintiff and a single defendant, it permits the joinder of causes of action without limitation, subject only to the formal requirement that separate causes of action be separately stated. (Secs 43, 44; Ill Rev Stats 1953, c 110, pars 167, 168.) Joinder of multiple plaintiffs and of multiple defendants now depends broadly upon the assertion of a right to relief, or a liability, arising out of the same transaction or series of transactions and the ex-

istence of a common question of law or fact. (Secs 23, 24; Ill Rev Stats 1953, c 110, pars 147, 148.) . . .

"These provisions show a deliberate purpose to relax the common-law limitations upon the scope of an action and to broaden the rules as to those who may be joined as parties. In many respects, the equitable standard of administrative convenience is substituted for the restrictive rules of the common law; . . . An additional safeguard which accompanies the broad joinder of multiple parties which the act permits is the requirement that the matters to be litigated arise from the same 'transaction or series of transactions' and involve a common question of law or fact."

Johnson v. Moon was a case involving a collision between a car and a tractor-trailer. There was a dispute as to the ownership of the tractor-trailer. Johnson, the plaintiff, filed a complaint against one Moon, who was fatally injured in the accident and died after the filing of the claim. Moon's administrator, an attorney, filed a motion in the trial court in which he set up certain matters indicating that Safeway Truck Lines, Inc. was the owner of the tractor-trailer in question. An order was entered by the court that that company be made an additional party-defendant. The defendant was also permitted to file a counterclaim for the fatal injury of Moon against Safeway Truck Lines, Inc. and the original plaintiff. Later the attorneys for Safeway Truck Lines moved that the counterclaim be dismissed against them. The trial court allowed the motion which was affirmed by the Appellate Court (1 Ill App2d 6, 116 NE2d 95). Appeal was then taken to the Supreme Court, which court held that the matter was one of first impression and

permitted the introduction of new parties in the suit, overruling the order entered in the trial court, on the ground that under the Civil Practice Act, joinder of multiple plaintiffs and multiple defendants now depends broadly upon the assertion of the right to relief, or a liability, arising out of the same transaction or series of transactions and the existence of a common question of law or fact.

In City of Nokomis v. Sullivan, 14 Ill2d 417, 153 NE2d 48, which was a suit brought against twenty-nine named defendants, seeking a permanent injunction against each of them to prevent noncompliance with the city ordinance which provided that all toilet facilities must be connected with the sewer system of the city, the defendants moved to strike the complaint on the ground, among other things, that the joinder of the defendants was improper. The motion to strike was allowed and an appeal was taken to the Supreme Court. The court said, at page 420:

"The attack upon the complaint, in so far as it is based upon procedural grounds, can be quickly disposed of. Joinder of defendants is governed by section 24 of the Civil Practice Act. (Ill Rev Stats 1957, c 110, par 24.) Those parties may be joined 'against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.' It is not necessary that each defendant be interested in all the relief requested. As in the case of joinder of plaintiffs, the objective is 'economy of actions and trial convenience,' (McCaskill, Ill Civ Prac Act Ann, sec 24,) and the determining factors are *that the claims arise out of closely related 'transactions'* and that there is in the case a significant ques-

432

tion of law or fact that is common to the parties. (See Johnson v. Moon, 3 Ill2d 561.) In the present case the dominant question is one of law, the validity of the ordinance, and it is common to all parties. If any genuine issues remain after that common question has been decided, they can be readily handled, without inconvenience or prejudice to the parties, in a single action." [Emphasis added.]

There are many decisions in the courts of other states involving a joinder of causes of action and of parties-defendant under similar provisions to those in the Civil Practice Act. Research of counsel has not produced, nor have we been able to find a case where the joinder of the defendants was permitted when the only common question of fact was the amount of damages. The plaintiff has cited a number of cases, among them Johnson v. Moon, supra, and City of Nokomis v. Sullivan, supra, both of which we have previously discussed. We do not think that American Transp. Co., Inc. v. United States Sanitary Specialties Corp., supra; Savant v. Superior Coal Co., 5 Ill App2d 109, 125 NE2d 148; McCormick v. Kopmann, 23 Ill App2d 189, 161 NE2d 720; or Barnes v. Swedish American Nat. Bank, 371 Ill 20, 19 NE2d 929, are applicable.

In Opal v. Material Service Corp., supra, a suit was brought by four plaintiffs against the Material Service Corporation. It was alleged that the plaintiffs were residents and owners of homes in the same village and that the defendant owned and operated a stone quarry in a nearby town; that in the operation thereof the defendant used explosives for blasting in the process of the removal of rock in the quarry; that the use of explosives had caused damages to the premises of the plaintiffs. The suit asked for in-

433

junctive relief. A motion was made to dismiss the cause of action on the ground that there were multiple plaintiffs joined in the action. The court held that the plaintiffs were properly joined inasmuch as the nature of the blasts, their frequencies, the amount of explosives used, the method of blasting employed, the character of the subsoil, were considerations which were common to all the plaintiffs and that the testimony of the witnesses would be common to all the plaintiffs except as to the amount of damages each plaintiff claimed. The common question of fact as set out in that case goes far beyond a mere question of damages.

We call attention to the fact that in the case of City of Nokomis v. Sullivan, supra, the court pointed out that the determining factors are that the claims arise out of closely related transactions and that there is in the case a significant question of law or fact that is common to the parties.

In the case at bar the plaintiff, Sommers, in the two counts has pleaded somewhat general allegations relating to the injuries he received as a consequence of the two collisions. In the second count Rosalie Solomon is an additional plaintiff. The trial court permitted the attorney for the plaintiff to file an affidavit which it considered in passing on the Massari motion to dismiss the first count of the complaint. In that affidavit it is stated that the plaintiff, Alvin Sommers, received injury to the same portion of his body; to wit, his neck, in both accidents; that it would be prejudicial to the plaintiff to try the cases separately; and that there is a common question of fact existing in the case.

The plaintiff also relies upon Sareussen v. Lowe (Calif), 270 P2d 27, in which a complaint in separate counts was filed against two parties; one, defendant Lowe, a civil engineer, with whom the plaintiff al-

leged he had contracted for a design for a sea wall, including plans and specifications and the understanding that Lowe would supervise the construction of the sea wall on certain property owned by the plaintiff. In Count II it was alleged that Lowe had negligently designed and supervised the construction of the sea wall, causing damage to the plaintiff's property. In Count III the plaintiff alleged that one Didier had entered into a contract with the plaintiff to construct the sea wall in accordance with certain plans and specifications; that he had failed so to do, with resulting damage to the plaintiff. Didier filed a demurrer to plaintiff's complaint on the ground of misjoinder of causes of action. The demurrer was sustained by the trial court and the appeal followed. The District Court of Appeal reversed and held that "[P]laintiff's alleged injury arose on either joint, independently concurrent or successive acts of each defendant" and therefore the defendants could be joined under the provisions of the California code. We do not believe that case can be considered similar to the instant case.

In 67 CJS Parties § 37, under subparagraph d, it is stated:

". . . even under the codes and practice acts, in the absence of a common interest in the different defendants, two or more persons whose respective liabilities depend on causes of action which are essentially distinct and several may not be joined as defendants in one action, . . ."

And in 39 Am Jur, Parties § 43, it is said:

". . . On the other hand the rule seems to be generally recognized that two independent tortfeasors, acting severally, on different occasions, and under different circumstances, cannot be

435

joined, even under statutes permitting generally the joinder of parties or causes of action, merely because the injury they inflict or the damage they cause affects the same plaintiff. As has been said, it was not the legislative intent to ignore the fundamental principles of procedure to the extent proposed in this declaration, where, as plaintiffs sound their counts, it is sought to join in a single action and have determined the liability of alleged independent tort-feasors for different and distinct torts charged to each, without concert of action, or community of responsibility, inevitably amounting to both a joinder of parties severally liable and a joinder of different causes of action, each against a different defendant."

Also see 94 ALR 540.

There is no question here raised with reference to alternative joinder of parties-defendant. It is sometimes said that joinder is a matter of procedural convenience. However, when we consider the fact that the court has a right to require separate trials against each defendant it is somewhat difficult to see where there is any advantage in procedural convenience gained. We cannot see where any prejudice would result to the plaintiff by requiring the filing of separate suits.

As a further objection to the argument of plaintiff that the order of the trial court should be reversed is the fact that in his pleadings the plaintiff does not specify the particular injury upon which he is depending to justify the filing of the second count against other defendants. In his affidavit he does, but we think there should be sufficient in the pleadings without being supplemented by an affidavit to permit or to require such joinder. If the theory that is advanced by the plaintiff is correct, then there would be nothing

to prevent a person who had been injured by ten or more defendants in different automobile accidents to have a joinder of all of the actions in one suit under different counts, assuming that he had pleaded as is usually done in accidents of this type, that practically the whole of his body had been injured in each accident. We do not believe that the most ultra liberal interpretation of the Practice Act would carry it so far.

In this case the court dismissed a count of the complaint and consequently, Section 26 of the Civil Practice Act dealing with the dismissal of actions for the misjoinder of parties has no application.

The order of the Circuit Court of Cook County is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.