James R. Wall, Plaintiff-Appellee, v. Gerald J. Lanahan and Hartford Accident and Indemnity Company, a Corporation, Defendants-Appellants, v. William M. Pistrui, Third Party Defendant.

Gen. No. 66–38.

Fifth District.

January 10, 1967.

Gibbons & Gibbons, and Durr & Durr, all of Edwardsville, for appellants.

Kassly, Weihl, Carr & Bone, of East St. Louis (John B. Raffaelle, of counsel), for appellee.

EBERSPACHER, J.

This is an action brought by plaintiff, James R. Wall, for property damage after construction of his new home in Lou-Juan Hills, Collinsville Township, Illinois. Defendants are Gerald J. Lanahan, Contractor, Hartford Accident and Indemnity Co., surety, and William M. Pistrui, architect. Defendants Lanahan and Hartford Accident and Indemnity Co. filed a third-party suit against defendant William M. Pistrui. Plaintiff alleges that defendant, Gerald Lanahan failed to comply with

specifications and requirements set forth in the construction contract and is liable for resulting damages. Plaintiff bases his action against Hartford Accident and Indemnity Company upon provisions of a performance bond. Action against William Pistrui was based upon improper preparation of plans and specifications and failure to adequately supervise the construction. Plaintiff sustained extensive property damage to his front walk, stoop, carport slab, planter and retaining wall.

Defendant Pistrui filed no answer or response to the complaint of Wall, against him. He filed a motion to dismiss the amended third-party complaint which motion was never ruled upon, and his counsel participated in the trial of the case.

The action was heard by the court without a jury. The court found in favor of defendant, Pistrui, on both plaintiff's complaint and the third-party complaint of defendants Lanahan and Hartford Accident and Indemnity Co. The court further found in favor of plaintiff and against defendant Lanahan, and defendant, Hartford Accident and Indemnity Co., and rendered a joint verdict against them in the sum of $5,930. The post-trial motion of defendant Lanahan, was denied and this appeal was perfected.

A motion to dismiss the appeal of defendant Hartford Accident and Indemnity Company was taken with this case. Since Hartford Accident and Indemnity Company filed no post-trial motion there was nothing to stay their time to appeal. Their appeal was not timely filed, and the motion to dismiss the appeal of defendant Hartford Accident and Indemnity Company is allowed. The third-party complaint against William M. Pistrui has been abandoned by the appellants, therefore the judgment for the third-party defendant, Pistrui, is affirmed.

The evidence shows that on the first day of September, 1960, plaintiff entered into a written contract for the

construction of a home in Lou-Juan Hills, Collinsville Township, Illinois, with the defendant, Gerald Lanahan, and also secured a written bond from defendant, Hartford Accident and Indemnity Company, insuring contractor's faithful performance of the contract. The contract and bonding agreement were admitted by defendants. Construction proceeded and payments were made from time to time to the contractor. In December, 1961, the construction had been completed and final payment was discussed by the parties hereto. A defect had appeared in the front walk and $100 was withheld from the final payment. Additional defects showed up such as cracking and settling of the carport floor, a cracking of the retaining wall and damage to a planter box used as a support for one post supporting the roof of the carport. Defendant was notified of these additional defects in the Spring of 1962. Responsibility for the defects was denied by defendant Lanahan and suit was filed.

Prior to the trial, the trial judge, all parties and their counsel viewed the premises. Although there is no stipulation in the record providing for the judge viewing the premises, no objection was made to this procedure and it in fact was concurred in by the presence of all parties to the suit.

The plans for the house did not include any guttering or downspouts for the roof and none were specified, so as to give it a trim appearance. It is defendant's contention that failure of the architect to provide for disposal of roof water, allowed water to collect under the concrete and that freezing and thawing caused the damage, and that the failure to have the foundation of the planter placed below the frost line caused it to tilt. It is plaintiff's theory that the damages were the result of the failure on the part of the defendant, Gerald Lanahan, to comply with the requirements of the plans and specifications in regard to compaction of earth fills. The

specifications required 90% compaction of earth fills underlying the concrete structure.

William Pistrui, the architect, testified that in his opinion, there was a settlement of earth due to lack of proper compaction; that he had caused compaction tests to be made, and the results showed the earth had not been compacted to the required 90%. He stated that there was no washing of the dirt as defendant Lanahan contended, and that the layer of rock, beneath the carport slab, would serve as a safety to drain off any water that normally got under the slab. In his opinion, the lack of guttering would have no adverse effect upon the concrete in the area, if the soil had been properly compacted. He further testified that if the soil had been compacted to 90%, no appreciable amount of water would have entered the soil and thus settling would have been prevented.

John T. Anderson and James Hoffstetter testified that they worked for Anco Testing Laboratory. Their testimony was that a soil sample had been taken from under the carport slab where it had broken and settled; and that their test showed that the compaction of the soil was 70%. There was also testimony to the effect that once soil is compacted, it can never be uncompacted in that area.

Mr. Thomas F. Ladd, a witness for the plaintiff, testified that he was in the concrete construction business; that he had inspected the damaged premises and estimated the cost of necessary repairs to be $5,930.

Gerald Lanahan, the defendant, was the only witness for the defense. He testified that in accordance with the specification, the carport slab was laid over white rock. It was his opinion that due to the lack of gutters, water had accumulated under the carport slab, and that its freezing and thawing damaged the slab. He caused no

tests to be made for compaction, but was of the opinion that by running a 12 to 14-ton tractor and trucks over the fill, adequate compaction was attained.

■ Defendant has contended that when $100 was withheld due to the defect which then had appeared in the sidewalk, that there was an accord and satisfaction, as to that damage. Defendant admitted that he had intended to fix the walk until the numerous other defects appeared. No certificate of final completion was ever issued and the last forms of the bonding company were never completed, because plaintiff did not consider the work completed. The court properly decided, from the evidence, that no settlement of the claim was made, and that there was no accord and satisfaction.

■ ■ Defendant has also contended that the judgment is based on the alleged improperly admitted evidence of the witnesses Anderson and Hoffstetter. The contention seems to be as to their qualification as experts in the field of soil compaction, and the fact that they brought neither the samples tested nor their soil testing equipment into court. We know of no rule that requires the introduction into evidence of either samples tested or testing equipment, and appellant has cited none. A reading of their testimony satisfies this court that the trial judge did not abuse his discretion in determining that the subject was a proper one for expert testimony, and whether the witnesses were qualified by special knowledge, skill or experience to express an opinion. See, Gard, Illinois Evidence, Rule 219, and cases cited therein.

■ Defendant has also contended that the court erred in proceeding to judgment without plaintiff's wife being joined, since it developed in plaintiff's testimony that his wife was a joint tenant of the premises on which the house was constructed. Upon this fact being discovered, defendant moved that the action be dismissed be-

cause all necessary parties were not before the court; after hearing evidence that she was not a party to the contract or bond, both of which were pleaded, plaintiff's counsel offered either to stipulate to make her a party or submit a waiver of any action she might have against defendant Lanahan. No such stipulation or waiver appears in the record, nor does there appear any motion to make plaintiff's wife a party plaintiff. Defendant has cited Sommers v. Korona, 54 Ill App2d 425, 203 NE2d 768, wherein that court quoted the following from Johnson v. Moon, 3 Ill2d 561, 121 NE2d 774, to the effect that "Joinder of multiple plaintiffs and of multiple defendants now depends broadly upon the assertion of a right to relief, or a liability, arising out of the same transaction or series of transactions and the existence of a common question of law or fact." Here the damages claimed allegedly arose out of the failure to properly perform a contract to which plaintiff's wife was not a party; and on a bond which provided specifically that the right of action should accrue only to the plaintiff. Under the facts and circumstances here present, the court did not err in proceeding without plaintiff's wife being joined as a party plaintiff, even though she may have been a desirable party.

 As to defendant's principal contention that the judgment is against the manifest weight of the evidence, we must note that there is conflicting evidence as to the cause of the damage, as well as the fact that the parties by implied consent at least, made the court a witness. The law is so well established in Illinois, that it is the province of the trial judge, hearing a case without a jury, to determine the credibility of the witnesses and the weight to be given their testimony, and his judgment will not be disturbed unless manifestly contrary to the weight of the evidence, that we do not consider it necessary to cite authority to support that proposition. Here there was

68

ample evidence from which the court could reach the conclusion that defendants should respond in damages. As a result, we affirm the judgment, from which defendant has appealed.

Affirmed.

GOLDENHERSH and MORAN, JJ., concur.