HELEN DENZEL, Plaintiff-Appellee, *v.* THE COUNTY OF COOK *et al.*, Defendants-Appellants.—(FRED E. BROCK, Defendant.)

First District (1st Division)   No. 77-1750

Opinion filed October 23, 1978.

Walter H. Osterkamp, Jr., of Osterkamp, Jackson & Rifis and Jerome H. Torshen, Ltd., both of Chicago (Jerome H. Torshen, Edward G. Wierzbicki, and Abigail K. Spreyer, of counsel), for appellants.

Milton M. Blumenthal and Richard Lee Stavins, both of Chicago (Blumenthal, Schwartz & Stavins, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Charles R. Rusin and the County of Cook (defendants) petitioned for leave to appeal to this court from an interlocutory order denying their motion to strike and dismiss or, alternatively, to sever two causes of action. (58 Ill. 2d R. 308.) The actions were joined pursuant to sections 24 and 26 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, pars. 24, 26.) We granted leave to appeal.

On October 5, 1976, Helen Denzel (plaintiff) filed a complaint seeking recovery for personal injuries sustained on September 19, 1975, as the result of a collision between an automobile operated by plaintiff and another owned by the County of Cook and operated by defendant Rusin. Plaintiff alleged she sustained "serious and permanent injuries, both internally and externally" resulting in a "sick, sore, lame and disabled" condition.

On July 15, 1977, plaintiff filed an amended complaint adding as count II an action against Fred E. Brock for injuries incurred in a second

automobile collision on June 20, 1977. This collision involved automobiles driven by plaintiff and by Brock. The allegations pertaining to the earlier occurrence of September 19, 1975, were rephrased in count I of the first amended complaint to correspond with the paragraphs concerning personal injuries alleged in count II. In both counts plaintiff: (1) listed dizziness, headaches and pain throughout the head, neck, torso and upper and lower extremities; and (2) expressed an inability to ascertain the extent to which the second occurrence aggravated the injuries from the prior occurrence. It was further alleged in count I that plaintiff was still under medical care at the time of the second occurrence.

The question of law certified for this appeal by the trial court pursuant to Supreme Court Rule 308 (58 Ill. 2d R. 308) is:

"May plaintiff join in an amended complaint two causes of action against separate defendants for injuries sustained in a first automobile accident on September 19, 1975, and for injuries sustained in a second automobile accident on June 20, 1977, where at the time of the second accident, plaintiff is still suffering from the injuries sustained in the first accident and suffers injuries to the same parts of her body in both accidents?"

Defendants contend joinder of two separate causes of action is improper where there is an interval of 21 months between the incidents. Plaintiff maintains the Civil Practice Act specifically authorizes joinder of the two causes of action in one lawsuit.

Section 24 of the Illinois Civil Practice Act provides in pertinent part (Ill. Rev. Stat. 1975, ch. 110, par. 24):

"(1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

(2) It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

Joinder of multiple plaintiffs or defendants under this statute "depends broadly upon the assertion of a right to relief, or a liability, arising out of the same transaction or series of transactions and the existence of a

common question of law or fact." (*Johnson v. Moon* (1954), 3 Ill. 2d 561, 567, 121 N.E.2d 774.) In reviewing the propriety of joining defendants, the Illinois Supreme Court has stated "the determining factors are that the claims arise out of closely related 'transactions' and that there is in the case a significant question of law or fact that is common to the parties." *City of Nokomis v. Sullivan* (1958), 14 Ill. 2d 417, 420, 153 N.E.2d 48.

Plaintiff maintains the significant question of fact common to all defendants in this case is the alleged cumulative injuries sustained in the first collision and exacerbated by the second. Plaintiff relies principally upon *Schwartz v. Swan* (1965), 63 Ill. App. 2d 148, 211 N.E.2d 122, *appeal denied* (1966), 33 Ill. 2d 627. In that case, the plaintiff joined as defendants the operators of motor vehicles involved in two separate accidents, 10 days apart, with automobiles in which plaintiff had been a passenger. The court held joinder was permissible, reasoning under the given situation that the complaint "clearly" asserted an issue of liability arising from a series of transactions and presented the requisite common question of fact "[u]nless it can be determined with reasonable certainty to which occurrence plaintiff's alleged injuries are attributable * * *." *Schwartz*, 63 Ill. App. 2d 148, 157.

Defendants here rely primarily upon *Sommers v. Korona* (1964), 54 Ill. App. 2d 425, 203 N.E.2d 768, *appeal denied* (1965), 31 Ill. 2d 631. There, the plaintiff was injured while operating a motor vehicle in two collisions 8 months apart. The court held it was improper to join as defendants in a single action the drivers of the vehicles involved in the separate occurrences. The court noted the pleadings reflected rather general allegations of injuries and emphasized that plaintiff failed to specify such "particular injury" as would justify the joinder of defendants involved in the second occurrence. *Sommers*, 54 Ill. App. 2d 425, 436.

Both parties have brought to our attention numerous decisions from other jurisdictions involving permissive joinder of several defendants involved in separate motor vehicle accidents with the same plaintiff. These cases reflect a separation in time between the two accidents of as much as 3½ years. For cases permitting joinder or consolidation, see, *e.g.*, *Sutterfield v. District Court In and For the County of Arapahoe* (1968), 165 Colo. 225, 438 P.2d 236 (9 months); *Shacter v. Richter* (1965), 271 Minn. 87, 135 N.W.2d 66 (3½ years), cited in *Schwartz*, 63 Ill. App. 2d 148, 157; *Hager v. McGlynn* (Mo. App. 1974), 518 S.W.2d 173 (4 months); *Knapp v. Creston Elevator, Inc.* (1967), 13 Ohio Misc. 188, 234 N.E.2d 326 (8 months); contra, *Georges v. Duncan* (1972), 16 Md. App. 256, 295 A.2d 809 (4 months); *Pride v. Perras* (1958), 6 App. Div. 2d 842, 176 N.Y.S.2d 573 (2 months), cited in *Schwartz*, 63 Ill. App. 2d 148, 156; *Gamble v. Fraleigh* (1955), 1 Misc. 2d 347, 146 N.Y.S.2d 146 (9 months).

Defendants have emphasized as the central consideration in this

appeal the 21-month interval between the accidents. We find greater support for defendants' position in the fact that the pleadings before us lack allegations of specific and particularized injuries which would warrant consideration as a significant common question of fact. We note specially the comments in the recent decision of *Hager v. McGlynn* (Mo. App. 1974), 518 S.W.2d 173. The court in *Hager* found joinder permissible. Plaintiff there alleged specifically that the second occurrence, some 4 months later, aggravated the previous injury to his left knee. In its opinion the court was careful to note that in those situations where subsequent medical malpractice increases the liability of the original tortfeasor; where a single, indivisible injury is present; or where an aggravation of a specific injury occurs, joinder might be permissible. *Hager*, 518 S.W.2d 173, 176.

Thus, the case before us fits precisely into the pattern involved in *Sommers* where this court refused joinder because "in his pleadings the plaintiff does not specify the particular injury upon which he is depending to justify the filing of the second count against other defendants." (54 Ill. App. 2d 425, 436.) If general allegations that practically the whole of a plaintiff's body had been injured in each accident are to be regarded as automatically qualifying the case for joinder of a number of defendants, a chaotic condition would necessarily result. "We do not believe that the most ultra liberal interpretation of the Practice Act would carry it so far." *Sommers*, 54 Ill. App. 2d 425, 437.

The question of law certified by the able and experienced trial judge requests a ruling on the propriety of joinder where at the time of the second accident, plaintiff is still suffering from the injuries sustained in the first accident and suffers injuries to the same parts of her body in both accidents. From the record before us, it is impossible for us to find that plaintiff comes within the second portion of this compound question.

In our opinion, the complaint in the present case does not contain "a plain and concise statement" of plaintiff's injuries. (Ill. Rev. Stat. 1977, ch. 110, par. 33.) The complaint as amended lacks an allegation of any single, indivisible injury or the aggravation of any particular injury which would justify recognition of a substantial question of fact common to Rusin and the County of Cook and also to Brock.

For the above reasons we reverse the order of the trial court and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.