**Margaret O. CARR, Plaintiff-Appellee,**

**v.**

**Carl R. HIGDON, Defendant,**

**Elmer Wright Davis, Defendant, Cross-Plaintiff,**

**W.A. McRae, Defendant, Cross-Defendant Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Oct. 14, 1983.

Application for Permission to Appeal Denied by Supreme Court Dec. 19, 1983.

Fred G. Musick, Knoxville, for appellant.

Archie R. Carpenter, Knoxville, for plaintiff-appellee.

OPINION

GODDARD, Judge.

This interlocutory appeal questions the propriety of the Trial Court's overruling motions for severance filed by the Defendants McRae and Davis.

The complaint alleges the following relative to the facts giving rise to the Plaintiff's causes of action:

2. On March 31, 1982, plaintiff was traveling east on Atlantic Avenue in Knoxville, Knox County, Tennessee and had stopped at the intersection of Atlantic Avenue and Broadway. Defendant Higdon was traveling in the same direction and while plaintiff was stopped at the stop sign, defendant negligently, carelessly, and recklessly drove the front of his automobile into the rear of the vehicle being operated by the plaintiff.

3. On April 19, 1982, plaintiff was traveling south on Clinton Highway in Knoxville, Tennessee, when traffic in front of her slowed, requiring her to bring her vehicle to a stop. Defendants Davis and McRae were traveling south on Clinton Highway in the same lane as the plaintiff, and while plaintiff's vehicle was stopped the vehicle driven by defendant Davis struck the rear of the plaintiff's vehicle. Plaintiff avers that the Davis vehicle was then struck in the rear by the vehicle driven by defendant McRae, further driving the Davis vehicle into the rear of the plaintiff's vehicle. In the alternative, plaintiff avers that if the McRae vehicle did not first strike the Davis vehicle as alleged, then defendant Davis negligently struck the plaintiff's vehicle in the rear and McRae's vehicle struck Davis' vehicle driving it into plaintiff's vehicle a second time. Plaintiff thus avers that both defendants Davis and McRae negligently, carelessly, and recklessly operated their vehicles resulting in this collision.

As to her damages the complaint alleges the following:

7. In the March 31, 1982 collision the plaintiff suffered injuries to her neck,

back, and entire body, causing her pain and anguish and requiring medical attention with the resulting expenses. Although the pain and discomfort of those injuries were lessening somewhat by the time of the second collision, they had not completely resolved. The April 19, 1982 collision resulted in additional injuries to plaintiff's back, neck and entire body and aggravated her previous condition thus causing her great pain, mental anguish and disability. Both incidents have required her to spend great sums of money for medical attention and have on occasion resulted in her being unable to work or follow her usual vocation. She believes that her injuries are permanent and will affect her ability to earn a living and enjoy life for as long as she lives.

8. These injuries were sustained in the collision of March 31, 1982, and were further exasperated by the collision of April 19, 1982, and due to the nature and extent of the injury, the injuries are inseparable and plaintiff avers that the defendants are jointly and severally liable to her for damages sustained.

9. As a result of the two collisions, plaintiff's vehicle was damaged and depreciated, for which property damage she sues.

Although it will be noted that Section 8 charges joint and several liability, in oral argument counsel for the Plaintiff did not insist that Defendant Higdon is jointly liable with the Defendants McRae and Davis.

Rule 20.01 of the Tennessee Rules of Civil Procedure states the following:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, oc-

currence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

In cases such as this involving separate accidents, the critical point lies in defining the phrase "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

Of the various reported decisions facing this issue no predominant trend emerges, although it seems that a majority favor allowing joinder. In *Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.1974), the Court allowed joinder of two separate accidents which involved injuries to the same parts of the same plaintiff. The court recognized that its permissive joinder statute was identical to Rule 20 of the Federal Rules (upon which Rule 20.01 of the Tennessee Rules of Civil Procedure is also based) and found that when the injuries are said to be indivisible or aggravated by the other accident joinder is permissible. The *Hager* court justified its position in the face of conflicting earlier decisions by finding that the injuries were specifically laid out, that the rules were to be liberally construed, and that it was better to have all the parties before the court to avoid duplicity.

Likewise, in *Ryan v. Mackolin,* 14 Ohio St.2d 213, 237 N.E.2d 377 (1968), the Ohio Supreme Court allowed the joinder of actions against drivers for back injuries received in two separate collisions (December 26, 1963 and May 20, 1964) on a statute substantially similar to Rule 20.01 of the Tennessee Rules of Civil Procedure. The Court found that the situation met the Rule's requirements of "a series of occurrences" and "a common question of fact" and granted joinder because it felt one trier of fact could best handle the action.

In *Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968), the Colorado Supreme Court reversed the decision of the lower court to sever the actions against two drivers in separate accidents. The Court stated that under RCP Colo. 20(a)

(which is essentially the same as T.R.C.P. 20.01) these actions could be tried together under permissive joinder because the injury was the common occurrence and therefore the requirement of the statute was met. The Court acknowledged that the District Court had broad discretion in severing the actions but reversed because no proper findings to support it were found. The Court also, prior to approving the language of W. Barron and A. Holtzoff, *Federal Practice and Procedure* § 553 (1961), which suggests a broad reading of the Rule is desirable, stated the following, which we find altogether persuasive:

> The situation of two juries faced with the task of apportioning liability for a single injury could very well result in the plaintiffs' receiving aggregate verdicts for much less than the admitted amount of permanent injuries, or, on the other hand, for much more than the admitted amount of permanent injuries. Justice would not be well served by either of such results.

Other cases have also seen fit to allow joinder in multiple accident situations. In *Knapp v. Creston Elevator, Inc.*, 13 Ohio Misc. 188, 234 N.E.2d 326 (1967), the Court cited *Ryan*, supra, to hold that separate accidents creating injury to the same person may be joined and found that many federal case decisions under Rule 20(a) allowed joinder in such situations. In *Watts v. Smith*, 375 Mich. 120, 134 N.W.2d 194 (1965), the Michigan Supreme Court found that its permissive joinder rule was substantially the same as Rule 20(a) of the Federal Rules of Civil Procedure, and that where two accidents the same day resulted in a single indivisible injury, the plaintiff had a right to maintain an action jointly and the trial court could order separate trials on specific issues if justice required. In *Shacter v. Richter*, 271 Minn. 87, 135 N.W.2d 66 (1965), the Minnesota Supreme Court allowed consolidation of actions involving accidents three and one-half years apart, finding that the common issue was the injuries sustained. Although the Court did view Rule 20.01 of the Rules of Civil Procedure, as applicable, it relied more

heavily on Rule 42.01, the consolidation rule. Finally, in *Schwartz v. Swan*, 63 Ill.App.2d 148, 211 N.E.2d 122 (1965), the Court discussed many decisions involving multiple accidents and held that joinder was proper unless it could be determined with reasonable certainty to which occurrence the plaintiff's injuries were attributable.

As previously mentioned, courts are not in harmony on this issue and some jurisdictions have seemingly conflicting decisions. For example, in Illinois, the *Schwartz* opinion, supra, allowed joinder even though an earlier Illinois decision, *Sommers v. Korona*, 54 Ill.App.2d 425, 203 N.E.2d 768 (1964), had refused to overturn a lower court's severance of the defendants involved in separate accidents with the same plaintiff. The *Sommers* Court found that Illinois rules required a common question of fact and a series of transactions and that damages alone did not amount to a common question of fact. Also, the *Sommers* Court pointed out that the plaintiff did not specify the particular injury upon which he was depending to justify his second count which alleged the second accident. In *Denzel v. Cook County*, 65 Ill.App.3d 286, 22 Ill.Dec. 258, 382 N.E.2d 578 (1978), the Illinois court attempted to reconcile these two divergent opinions. In that case two accidents had also resulted in the plaintiff's injury and the trial court had refused to sever the actions. The *Denzel* court cited *Hager*, supra, and said that the critical point was the presence of a single, indivisible injury or aggravation of a specific injury for joinder to be permissible. However, the Court, upon finding that the complaint failed to allege a single, indivisible injury or aggravation so as to present a substantial question of fact common to both actions, reversed the trial court and granted the motion to sever.

Other jurisdictions have also questioned the wisdom of allowing permissive joinder of defendants involved in separate accidents with the same plaintiff. In *Georges v. Duncan*, 16 Md.App. 256, 295 A.2d 809 (1972), the Court upheld the trial court's

separation of defendants, finding that injuries alone did not constitute a substantial question of fact common to all claims as required by the Maryland procedural rule. Also, in *Caygill v. Ipsen,* 27 Wis.2d 578, 135 N.W.2d 284 (1965), the Wisconsin Supreme Court found that under its joinder statutes that two separate accidents resulting in injuries to the same plaintiff were misjoined into one action. The Court stated that in Wisconsin the focus is on the wrongful act which provides the basis for the cause of action and not the injury.[1] New York is another jurisdiction which has interpreted its joinder rules so as not to permit joinder when separate accidents injure the same plaintiff. *Pride v. Perras,* 6 A.2d 842, 176 N.Y.S.2d 573 (1958) and *Gamble v. Fraleigh,* 1 Misc.2d 347, 146 N.Y.S.2d 146 (Sup.Ct.Sp.Term.1955).

Although generalizations as to the question are difficult, the cases considering the application of joinder under provisions similar to Rule 20.01 of the Tennessee Rules of Civil Procedure have generally allowed joinder in the factual context of the case at bar. *Hager* and *Ryan,* supra, are cases in point. Moreover, the Plaintiff does allege that the injuries to her neck and back were aggravated by the second accident. Thus, in our view, the complaint meets the requirements of *Hager* and *Denzel,* supra, regarding the aggravation and location of the injury.

After considering all of the above cases, we are persuaded that where (1) separate accidents which are reasonably close in point of time result in injuries to the same parts of the body, and (2) in the trial of the case against either of the tort feasors the question of the extent of the injuries received in the other accident will be one of the issues, the conditions of Rule 20.01 are met and the Court's action was proper.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for further proceedings. The costs of appeal are adjudged against the Appellant and his surety.

SANDERS and FRANKS, JJ., concur.

---

1. Wisconsin's statute provides that joinder of causes is not proper unless the causes affect all the parties to the action. This requirement is not to be found in Rule 20.01 of the Tennessee Rules of Civil Procedure or Rule 20(a) of the Federal Rules of Procedure.