ANN MARIE YANAN, Plaintiff-Appellant, v. EARNESTINE EWING, Defendant-Appellee (Donald Allen, Defendant).

Second District   No. 2—90—0205

Opinion filed November 8, 1990.

Anthony F. Mannina, of Wheaton, for appellant.

Randall C. Monroe, Robert Marc Chemers, and Robert J. Franco, all of Pretzel & Stouffer, Chartered, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The circuit court of Du Page County entered judgment on an arbitration award for $7,375 in favor of plaintiff, Ann Marie Yanan, on a personal-injury action filed against defendant Earnestine Ewing pursuant to the arbitration provisions of Supreme Court Rule 86 (113 Ill. 2d R. 86). The court subsequently entered an order for setoff against the award in the amount of plaintiff's prior $10,000 settlement with defendant Donald Allen and a satisfaction of judgment in favor of Ewing.

On appeal, plaintiff contends that the setoff was improper because defendants were not responsible for one injury to plaintiff but for separate injuries.

On August 6, 1987, plaintiff was involved in an automobile accident with Allen. On December 18, 1987, plaintiff was involved in another automobile accident, this time with Ewing. Plaintiff subsequently filed a two-count complaint in arbitration against both defendants. Count I alleged that Allen's negligence was the cause of the August 6 accident, which caused plaintiff to "suffer and experience pain, loss of income, and to expend large sums of money for medical care and treatment." Count II alleged that Ewing's negligence was the cause of the December 18 accident, which caused plaintiff to suffer "an aggravation of certain injuries *** sustained in an accident on August 6, 1987." Count II further alleged that, with regard to the aggravation of injuries sustained in the second accident, "it is not possible to separate the pain, suffering, medical costs and permanent physical damage from the August 6, 1987 accident."

Plaintiff filed a disclosure statement pursuant to Supreme Court Rule 222(b). (107 Ill. 2d R. 222(b).) The disclosure statement listed

plaintiff's expenses resulting from her injuries without allocating them to either of the two accidents.

Allen filed a motion to dismiss count I of plaintiff's complaint on the ground that the two accidents were unrelated to each other and that, therefore, the two causes of actions were improperly joined. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—405(a).) Plaintiff's response to the motion to dismiss for misjoinder repeated the statement in count II that the second accident caused "an aggravation of [plaintiff's] pre-existing condition and that it is not possible to separate the pain, suffering, medical costs and permanent physical damage from the August 6, 1987 accident." Plaintiff's response cited *Denzel v. County of Cook* (1978), 65 Ill. App. 3d 286, 382 N.E.2d 578, and *Schwartz v. Swan* (1965), 63 Ill. App. 2d 148, 211 N.E.2d 122, for the proposition that joinder is appropriate "when there is an allegation in the Complaint that there is a single indivisible injury or the aggravation of a particular injury which would justify the recognition of a substantial question of fact common to the separate defendants."

The trial court granted Allen's motion to dismiss and gave plaintiff leave to refile an amended complaint to "include allegation of [the] injury aggravated in Count II." Plaintiff then filed an amended complaint specifying that the injuries aggravated by the second accident were "neck pain, neck stiffness, back pain, heavy head, pins and needles in arms and legs, numbness in fingers and loss of strength in both arms."

Each of the defendants filed a counterclaim for contribution against the other. Prior to the arbitration hearing, plaintiff settled with Allen for $10,000, and Allen is not a party to this appeal. Plaintiff's claim against Ewing went forward, and on January 16, 1990, the arbitration panel awarded plaintiff $6,000 for personal injuries and $1,375 for property damage.

Thereafter, Ewing did not file a notice of rejection of the award in the circuit court as provided for in Supreme Court Rule 93 (107 Ill. 2d R. 93). Instead, on January 31, 1990, Ewing filed a motion for a setoff in the circuit court. Ewing alleged that, pursuant to section 2(c) of the Contribution Act (Ill. Rev. Stat. 1987, ch. 70, par. 302(c)), the judgment against her should be reduced by the amount of the settlement with Allen. Ewing argued that, although plaintiff was injured in two accidents, she suffered a single, indivisible injury. Ewing argued that she and Allen were co-tort-feasors, and she contended that the setoff provisions of the Act should apply. The trial court agreed and entered an order stating, in pertinent part:

"1. The set off [*sic*] provisions of Ill. Rev. Stat. ch. 70, par.

302(c) are applicable to this action, and pursuant to said provisions, the defendant Ewing is hereby granted a set off [*sic*] in the sum of $10,000, representing the amount of the settlement between the plaintiff and the defendant/counterdefendant Donald Allen.

2. The aforementioned set off [*sic*] is hereby applied against the award entered by the arbitration panel ***.

3. Based on the foregoing, a Satisfaction of Judgement is hereby entered in favor of the defendant, Earnestine Ewing."

Although the third paragraph of the order purported to enter a satisfaction of "judgment," there was no judgment of record when this order was entered on February 15, 1990. On February 21, 1990, plaintiff filed a motion to enter judgment on the arbitrators' award without any setoff in favor of Ewing. An order entering judgment on the arbitrators' award was eventually entered on February 27, 1990. The order entering judgment on the award noted that 30 days had passed since the arbitrators' award was entered and that a notice of rejection of the award had not been filed. The court thus entered judgment in favor of plaintiff in the amount of $7,375 subject to the setoff order of February 15.

■■ ■ Pursuant to the Contribution Act, where two or more persons "are subject to liability in tort arising out of the same injury," there is a right of contribution among them. (Ill. Rev. Stat. 1987, ch. 70, par. 302(a).) It is not necessary that tort-feasors be joint in the strict sense, that their tortious acts be simultaneous, or that they act in concert before the Contribution Act will apply. (*Morgan v. Kirk Brothers, Inc.* (1982), 111 Ill. App. 3d 914, 918, 444 N.E.2d 504; see also *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 12, 461 N.E.2d 382.) The only apparent requirement for application of the Contribution Act is that the plaintiff's recovery be based on the same injury to person or property. (*Doyle*, 101 Ill. 2d at 11-12, 461 N.E.2d at 387.) When the Contribution Act does apply, a settlement between one tort-feasor and the plaintiff will result in an equal reduction, or setoff, in the amount of any judgment entered against a nonsettling tort-feasor. Ill. Rev. Stat. 1987, ch. 70, par. 302(c).

Plaintiff contends that she suffered separate injuries at the hands of defendants. Therefore, plaintiff argues, the setoff provision of the Contribution Act does not apply, and the settlement with Allen could have no impact on the judgment against Ewing.

Ewing, on the other hand, insists that plaintiff's complaint as well as her response to Allen's motion to dismiss make it clear that she sought recovery for a single, indivisible injury. Ewing argues that

plaintiff cannot change the theory of her case at this point just to avoid the setoff. We note that Ewing's contention is based solely on the nature of plaintiff's theory of recovery below and does not involve a challenge to the merits of the arbitrators' award.

■ In the complaint and the amended complaint, plaintiff did not state that she suffered a single, indivisible injury; she alleged that she suffered an injury in the Allen accident and an aggravation of that injury in the Ewing accident. Although plaintiff did allege "that it is not possible to separate the pain, suffering, medical costs and permanent physical damage [caused by the December 18 accident] from the August 6, 1987 accident," we do not interpret plaintiff's admission that she cannot allocate the damages between the two defendants as a binding admission that she suffered a single, indivisible injury. At most, this allegation appears to have been made to support joinder of the two causes of action. A plaintiff may complain of "one pain" for purposes of joinder and still consistently maintain that the pain was the result of "two injuries." *Wheeler v. Roselawn Memory Gardens* (1989), 188 Ill. App. 3d 193, 200-01, 543 N.E.2d 1328.

Ewing places great emphasis on the reference to *Denzel v. County of Cook* (1978), 65 Ill. App. 3d 286, 382 N.E.2d 578, made in plaintiff's response to defendant's motion to dismiss count I of the complaint based on alleged misjoinder. Ewing interprets the reference to *Denzel* as an admission by plaintiff that she suffered a single, indivisible injury. We disagree. *Denzel* simply refers to two separate situations where joinder of separate causes is permissible: (1) where the separate acts of more than one defendant combine to produce a single, indivisible injury, *or* (2) where one defendant causes an injury and the second defendant later causes an aggravation of that injury. (65 Ill. App. 3d at 288-89, 382 N.E.2d at 581.) Reliance on this rule is not an admission by plaintiff that her case falls into the first category, especially in light of her specific allegations concerning injury and subsequent aggravation.

Ewing also points out that plaintiff filed only one disclosure statement and did not allocate the damages between the two accidents. However, plaintiff alleged in the complaint that she could not separate the damages and asked the court to allocate the damages between defendants. Further, nothing in Supreme Court Rule 222(b) (107 Ill. 2d R. 222(b)), which governs disclosure statements in mandatory arbitration cases, requires a breakdown of the damages between the various defendants. Finally, even if the disclosure statement was lacking, an inadequate disclosure statement does not transform plaintiff's allegation that she suffered an injury and a later aggravation of that in-

jury into an admission that she suffered a single, indivisible injury.

█▉ ▉ We conclude that plaintiff did not allege or admit that she suffered a single, indivisible injury. Plaintiff alleged that she was injured in two separate and unrelated accidents occurring more than four months apart. She alleged that in both accidents she suffered injury to the same part of the body. Clearly, if plaintiff had been injured in different parts of the body in the two accidents, there could be no claim that she suffered one indivisible injury. The fact that plaintiff alleged that she was injured twice in the same part of the body will not transform two injuries into one. (*Wheeler*, 188 Ill. App. 3d at 200-01, 543 N.E.2d at 1333.) Where a party negligently aggravates a preexisting injury caused by another's negligence, he has committed a tort that is separate and distinct from the tort committed by the first wrongdoer (*Cram v. Showalter* (1986), 140 Ill. App. 3d 1068, 1072, 489 N.E.2d 892), and the injuries inflicted by each are separate and distinct injuries (see *Borowski v. Von Solbrig* (1975), 60 Ill. 2d 418, 429-30, 328 N.E.2d 301). Although plaintiff alleged that she was initially injured by Allen, she alleged that Ewing's negligence aggravated the injury; it is the aggravation, the change in the nature of the injury or the increase in the pain, as distinguished from the original injury, for which Ewing is liable.

Because the alleged injuries upon which plaintiff sought recovery were separate and distinct injuries, the setoff provision of the Contribution Act does not apply. (*Wheeler*, 188 Ill. App. 3d at 200-01, 543 N.E.2d at 1333.) Although Ewing relies on *Nguyen v. Tilwalli* (1986), 144 Ill. App. 3d 968, 495 N.E.2d 630, for application of a setoff under the Contribution Act, that case is inapposite as there was no question but that only one, indivisible injury to the plaintiff resulted from the tort-feasors' conduct. (144 Ill. App. 3d at 972, 495 N.E.2d at 632.) The settlement with Allen compensated plaintiff only for the injury caused by Allen. The question before the arbitrators was whether and to what extent Ewing's negligence caused an aggravation of the original injury, and their award compensated plaintiff only for the damage Ewing inflicted.

Because we have concluded that setoff was inappropriate, the judgment of the circuit court of Du Page County granting a setoff must be reversed, and the circuit court is directed to vacate the satisfaction of judgment entered in favor of Ewing and to enter judgment on the arbitrators' award.

█▉ We note that the parties on appeal have briefly speculated as to what effect our reversal will have on Ewing's right to reject the arbitrators' award despite her failure to file a notice of rejection

within 30 days of the filing of the award pursuant to Supreme Court Rule 93 (107 Ill. 2d R. 93). As noted above, however, the final judgment entered in this cause was the trial court's order of February 27, 1990, entering judgment on the arbitrators' award. That order noted that no notice of rejection of the arbitrators' award had been filed within 30 days of the filing of the award. Thus, by failing to file a notice of rejection of the award within the prescribed time period, Ewing has waived her right to proceed to trial on plaintiff's complaint. Ewing could have rejected the award while raising the question of setoff alternatively if she had wished to preserve both bases of opposition to plaintiff's claim.

The judgment of the circuit court of Du Page County granting a setoff is reversed, and the court is directed to vacate the satisfaction of judgment entered in favor of Ewing. The circuit court is further directed to enter judgment on the arbitrators' award in favor of plaintiff in the amount of $7,375 plus costs.

Reversed and remanded with directions.

McLAREN and GEIGER, JJ., concur.