SCOTT HALL, Plaintiff-Appellee, v. JOHN KEATING, Defendant-Appellant (Chandelle Homes, Ltd., Defendant).

Third District   No. 3—92—0852

Opinion filed July 9, 1993.

Michael J. Martin, of Dunn, Martin & Miller, Ltd., of Joliet, for appellant.

James P. Costello and Shannon M. Heilman, of James Paul Costello, Ltd., of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Scott Hall, joined a negligence action against the defendant, John Keating, with a Structural Work Act (Ill. Rev. Stat. 1991, ch. 48, par. 60 *et seq.*) claim already pending in Will County.

Keating filed a motion to transfer venue to Du Page County. The circuit court of Will County denied his motion. Keating appeals.

The record reveals that on July 11, 1990, the plaintiff, Scott Hall, filed a complaint in the original action against the codefendant, Chandelle Homes, Ltd., alleging violation of the Structural Work Act. On November 4, 1990, Hall, a resident of Du Page County, was involved in an automobile accident with John Keating, a resident of Du Page County. The accident occurred in Du Page County.

On November 12, 1991, Hall amended his complaint against Chandelle Homes, Ltd., adding a negligence count against Keating. The negligence claim against Keating alleged that the automobile accident had aggravated the injuries previously sustained by Hall in the Chandelle Homes, Ltd., incident.

Keating filed the motion to transfer venue to Du Page County. The circuit court of Will County denied his motion. Keating appeals.

On appeal, Keating argues that the trial court abused its discretion by denying his motion to transfer venue.

The nature of venue is set forth in section 2—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—101). Section 2—101 provides that:

> "Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of *any* defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 2—101.

In the instant case, the Structural Work Act claim arose in Will County. Additionally, defendant Chandelle Homes, Ltd., is a resident of Will County. Thus, the circuit court did not abuse its discretion by failing to transfer venue of the case against Chandelle Homes, Ltd., and Keating to Du Page County.

However, if Chandelle Homes, Ltd., were not a party to the suit, the trial court would have abused its discretion by failing to transfer venue to Du Page County because there would have been no cause of action arising in Will County nor any defendant residing in Will County. Additionally, as noted in section 2—101, venue would not be proper if Chandelle Homes, Ltd., were joined as a defendant for the sole purpose of fixing venue in Will County. Thus, we need to turn our attention to whether joinder was proper.

Section 2—405 of the Code of Civil Procedure provides:

"(a) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

(b) It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him or her ***.

(c) If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties." Ill. Rev. Stat. 1989, ch. 110, par. 2—405.

■ Specifically, with regards to personal injury claims arising out of two occurrences, it has been held that unless it can be determined with reasonable certainty which occurrence plaintiff's alleged injuries are attributable to, the extent to which each incident contributed thereto is a common question of fact. (*Schwartz v. Swan* (1965), 63 Ill. App. 2d 148, 211 N.E.2d 122.) More simply, joinder of separate causes is permissible: (1) where the separate acts of the defendants in question produce a single, indivisible injury; or (2) where one defendant causes the injury and the other defendant exacerbates that same injury. *Denzel v. County of Cook* (1978), 65 Ill. App. 3d 286, 382 N.E.2d 578; see *Diehl v. H.J. Heinz Co.* (7th Cir. 1990), 901 F.2d 73; *Yanan v. Ewing* (1990), 205 Ill. App. 3d 96, 562 N.E.2d 1243; J. Friedenthal, M. Kane, A. Miller, Civil Procedure §6.4, at 331 (1985).

■ In the instant case, there was no evidence presented indicating that the plaintiff's joinder of Keating into the Chandelle Homes, Ltd., case was done in bad faith or merely to establish venue in Will County. (See *Barenbrugge v. Rich* (1986), 141 Ill. App. 3d 1046, 490 N.E.2d 1368.) Moreover, the claim against Chandelle Homes, Ltd., was filed prior to the auto accident. Thus, this was not a case of Chandelle Homes, Ltd., being brought into a suit against Keating merely to gain a more favorable venue. Rather, this appears to be a

case where the action against Keating was brought into the previously filed Chandelle Homes case to help assure that the liability for the injury was correctly apportioned between one defendant that allegedly caused the injury and the other defendant who allegedly exacerbated that same injury. (See J. Friedenthal, M. Kane, A. Miller, Civil Procedure §6.4, at 331 n.12 (1985).) Accordingly, joinder was proper.

Since joinder was proper, venue was proper in *either* Du Page County, where defendant Keating resided and the auto accident took place, or Will County, where defendant Chandelle Homes, Ltd., resided and the Structural Work Act claim arose. (Ill. Rev. Stat. 1989, ch. 110, par. 2—101.) Thus, Hall was entitled to choose the county in which to try the case. (See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.) The only reason for the circuit court to have interfered with that choice and transfer the case to Du Page County would have been based on the doctrine of *forum non conveniens*.

Our supreme court discussed the doctrine of *forum non conveniens* in *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729. In that case, the court stated that in the interest of fundamental fairness and sensible and effective judicial administration, a court may decline jurisdiction of a case even though it may have proper jurisdiction over the parties and the subject matter involved when another forum can better serve the convenience of the parties and the ends of justice.

In the instant case, Keating raised venue and joinder before the circuit court, but not *forum non conveniens*. Instead, *forum non conveniens* was put forth by Hall and Chandelle Homes, Ltd., as a reason for keeping the cause in Will County. While it is not clear whether the circuit court's ruling was premised on *forum non conveniens*, it is clear that the *forum non conveniens* doctrine is not applicable to the instant case.

■ In the instant case, fundamental fairness and sensible and effective judicial administration did not favor one county over the other. We note that Will and Du Page Counties are adjacent to each other and thus the convenience factors are minimal. Additionally, although almost all of the witnesses for the Structural Work Act claim are in Will County, almost all of the witnesses for the auto accident claim are in Du Page County. Thus, the equities of convenience and the sensible administration of justice supported trying the case in either county almost equally. Unless the balance of those equities is strongly in favor of the defendant, the plaintiff's choice of forum should rarely

be disturbed. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839.

In conclusion then, joinder was proper, and thus venue was proper in *either* Du Page County or Will County. Hall was therefore entitled to choose the county in which to try the case. The only reason for the circuit court to interfere with that choice and transfer the case to Du Page County would have been based on the doctrine of *forum non conveniens*. However, Keating did not argue for removal based upon *forum non conveniens*, and even if he had, removal to Du Page County on that basis would have been improper.

The circuit court of Will County is affirmed.

Affirmed.

STOUDER and BRESLIN, JJ., concur.